[No. 11428. Department Two. — September 21, 1886.]

ROSINA BERNIAUD, APPELLANT, v. J. L. BEECHER, RESPONDENT.

STATUTE OF LIMITATIONS — TITLE UNDER — POSSESSION AND PAYMENT OF TAXES ESSENTIAL. — Title to land cannot be acquired under the statute of limitations by a person who has never been in the actual possession thereof, and has never paid any taxes assessed against it.

WRITTEN INSTRUMENT — USE OF MASCULINE PRONOUN — EVIDENCE TO IDENTIFY PERSON INTENDED. — The use of the pronouns "he" and "his" in a written instrument, in referring to a person whose christian name is designated therein by a mere initial, is not conclusive that the person referred to is a male; and in an action founded on such instrument, parol evidence is admissible to show that the person intended is a female.

EVIDENCE — PARTY OBJECTING TO MAY USE. — An instrument admitted in evidence may be used by the party against whom it is offered to prove any fact which it legitimately tends to prove, notwithstanding he objected to its introduction.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. C. Byers*, and *L. W. Elliott*, for Appellant.

*J. A. Louttit*, for Respondent.

BELCHER, C. C.—This is an action to quiet the plaintiff's title to the west half of a block of land in the city of Stockton. The plaintiff is an insane woman, and sues by her duly appointed guardian *ad litem*. The answer denies that the plaintiff is the owner of the premises described in the complaint, or of any part thereof, or has or ever had any interest therein; and it alleges, among other things, that the plaintiff died many years before the commencement of the action, and that the cause of action is barred by the provisions of section 319 of the Code of Civil Procedure.

To establish her title, the plaintiff offered in evidence a decree of foreclosure of mortgage and a sheriff's deed of the land to R. Berniaud, made in pursuance of a sale under the decree.

The note, to secure the payment of which the mortgage was given, was made payable to R. Berniaud or his duly appointed agent. The mortgage granted and conveyed the property "unto the said R. Berniaud, and unto his heirs and assigns forever." The sheriff's return of sale showed that the property sold was struck off to R. Berniaud, . . . . and he, the said R. Berniaud, was then and there declared the purchaser thereof. It further showed that a certificate of sale was issued to the purchaser, " in consideration of which certificate so given the said R. Berniaud, by his agent, A. C. Bradford, has given and executed to the undersigned his receipt, which is hereto attached, for the amount of said purchase-money," etc. The receipt referred to was signed " R. Berniaud, by A. C. Bradford, attorney in fact."

The complaint in the foreclosure proceeding alleged

that the plaintiff was a resident of Philadelphia, Pennsylvania, and was verified by the partner of the attorney who filed it. The verification, among other things, stated: "That the reason that this affidavit is not made by the plaintiff is that she is not a resident of the county of San Joaquin, but resides in the city of Philadelphia."

A. C. Bradford was called as a witness for plaintiff, and testified: "I was the agent for Mrs. Berniaud; her first name was Rosina. I was appointed her agent in 1858. I employed J. B. Hall to foreclose this mortgage held by Mrs. Berniaud against one Ward. I corresponded with her husband. He said she had become insane and was in an asylum. He said she owned the property. . . . . In 1858 Mr. Berniaud employed me. He said he had been authorized to act for her. I think he sent me his power of attorney as such guardian."

This testimony was objected to by the defendant, though upon what ground is not stated, and his objection was overruled. Plaintiff then proved by the witness Cutting, without objection, that he knew R. Berniaud by reputation, and that she was the same party that owned other property conveyed by the sheriff's deed, and that he had heard she was a woman and insane. Plaintiff then offered to prove that it was a matter of general notoriety that R. Berniaud, named as purchaser in the sheriff's deed, was an insane woman living in Philadelphia.

The defendant objected to this testimony on the ground of incompetency, and the court sustained the objection, the plaintiff reserving an exception.

The plaintiff then rested, and the defendant moved for a nonsuit, upon the ground that it did not appear that the plaintiff was the R. Berniaud to whom the property in controversy was sold. The motion was taken under advisement by the court, to be decided after hearing all the evidence.

The defendant was called as a witness in his own behalf, and testified that the premises in controversy had never been occupied by any one since he claimed them; that they had never been fenced, and no improvements had been placed upon them; that he was never in the actual possession of the property, and that he only claimed the title. He did not testify or show that he had ever paid any taxes or assessments levied against the property.

The defendant then offered and read in evidence an agreement by R. Berniaud of Philadelphia, by her attorney in fact, A. C. Bradford, dated in 1859, to sell the premises in controversy. This agreement was objected to by plaintiff as irrelevant and immaterial, and the objection was overruled.

The defendant offered no testimony to show that the plaintiff was not the R. Berniaud to whom the property was sold and conveyed, but, to sustain his contention, relied solely upon the fact that the masculine personal pronoun was used in the note, mortgage, and certificate of sale.

The court said: "That the said R. Berniaud, grantee in said deed named, is not and was not the person who is plaintiff in this action; and that plaintiff herein is not, and was not at the date of filing of the complaint herein, the owner of or entitled to the possession of the land and premises described in said complaint.

"The court further finds that the defendant herein, J. L. Beecher, at the date of the filing of the complaint herein, was in possession of block 229, east of Center Street; that he has been in possession thereof since January, 1877; that he had paid upon said property all taxes, state, municipal, and county, that had been assessed on said property, from January, 1877, to the present time; that the premises described in the complaint in this action is the west half of block 229.

"That all the allegations of the defendant's answer are true."

Judgment was then entered in favor of defendant, from which and from an order denying a new trial plaintiff appeals.

1. It is obvious that the defense of the statute of limitations cannot be maintained. As the defendant was never in the actual possession of the property, and, so far as appears, never paid any taxes assessed against it, no reasonable pretense can be set up that he had acquired title to it under the statute.

2. Was the plaintiff the owner of the property? We think the testimony was quite sufficient to show that she was.

Judge Bradford had charge of her business in 1858 and 1859, and knew that the first name of the Mrs. Berniaud, whose mortgage he caused to be foreclosed in the name of R. Berniaud, was Rosina.

How he acquired this knowledge does not appear, but probably it was by hearsay, as that is the way in which we ordinarily learn the names of other persons. His testimony was admissible, and was supported by the agreement to sell the property, dated in 1859, and signed "R. Berniaud" by him as her attorney in fact, and which was introduced in evidence by the defendant. It is said the plaintiff could not avail herself of this agreement because she objected to its introduction, but we think, it having been admitted in evidence, she could use it to prove any fact which it legitimately tended to prove.

The use of the pronouns "he" and "his" in the note, mortgage, and certificate of sale can have little, if any, greater effect than to raise a suspicion that the person referred to was a male, and not a female. It was not sufficient to create any substantial conflict in the evidence.

3. It is unnecessary to consider the sales made for street assessments and taxes, as only a small part of the property was included in those sales. It is true, the court finds that the whole property was sold for taxes, but the record shows that only the west 19½ feet were so sold.

Upon the whole case as presented, we think the judgment and order should be reversed, and cause remanded for a new trial.

FOOTE, C., and SEARLS, C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed and cause remanded for a new trial.

Hearing in Bank denied.