J. G. HAERTHER v. BERTHA MOHR, Appellant.

**Construction of Life Policy:** REFERRING TO FEMALE BENEFICIARY BY PRONOUN "HIS." Where a life policy provided that the company would pay the amount of the insurance "unto H., wife of M.. his executors, administrators, or assigns," the word "his" referred to H.

**Endowment Policies.** The beneficiary in such policy has such a vested interest that it does not cease at his death.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

MONDAY, OCTOBER 14, 1901.

ON January 10, 1893, the Mutual Life Insurance Company of New York issued a policy on the life of Jacob M. Mohr, stipulating for the payment of premiums for 20 full years, and that it might become payable after the lapse of that period though the insured were then living. In it the company promised "to pay at its home office in the city of New York, unto Henricka Mohr, wife of Jacob Mohr, of Iowa City, in the county of Johnson, state of Iowa, his executors, administrators, or assigns, five thousand dollars" upon the proof of assured's death. Henricka Mohr, the beneficiary named, died August 10, 1896. The assured died February 22, 1899, leaving him surviving, his widow of a second marriage, Bertha Mohr, and four children, the fruit of the first. The court ordered that eight-ninths of the proceeds of the policy be paid to the children, and one-ninth thereof to the widow, and the latter appeals.—*Affirmed.*

*Ranck & Bradley* for appellant.

*T. M. Fairchild* and *O. A. Brayton* for appellee.

LADD, J.—Did the benefits of this policy descend to the heirs of the insured or to those of the beneficiary? This necessarily depends upon the construction to be given the

stipulation that "the Mutual Life Insurance Company of New York promises to pay unto Henricka Mohr, wife of Jacob Mohr, of Iowa City, in Johnson county, in the state of Iowa, his executors, administrators, or assigns, $5,000." Here is a patent ambiguity.     Does the personal pronoun "his" refer to Henricka or Jacob as its antecedent? But for discrepancy in gender, its reference to Henricka could not be questioned.     The name of Jacob Mohr is introduced only in describing Henricka, and correspondence in gender is the only indication that the pronoun refers to him.     Omit the descriptive clause, and the use of "his" instead of "her" could have no effect.     We think including it does not change the meaning of the policy.     The mistake in the gender of possessives is of such frequent occurrence that in the construction of statutes words importing masculine gender may be extended to females.     Section 48, Code.     Unless the settled rules of grammatical construction are to be ignored, "his," although inserted in writing, must be held to refer to Henricka.     To read it otherwise, another sentence would have to be implied before it, such as, "or in event of her prior death," or the like.     The court would hardly be authorized to go to this extreme in order to obviate the application of the masculine possessive to a female antecedent. Such mistakes are likely to occur in filling out the blanks of contracts, and when they do it is as well to recognize the fact, and construe the instrument accordingly. See *Berniaud v. Beecher*, 71 Cal. 38 (11 Pac. Rep. 802); *Rex. v. Smith,* Russ. & R. 267.

II.     But appellant insists that the beneficiary's interest in the policy ceased with her death.     This might possibly be true had hers not been a vested interest.     See *Carpenter v. Knapp*, 101 Iowa, 729.     Our statute exempts the avails of life insurance from the claims of creditors of the assured, and the doctrine generally prevailing is that, because of such statutes, the execution of an ordinary life policy, in the ab-

sence of a reservation, confers immediately a vested right upon, and raises an irrevocable trust in favor of, the party named as beneficiary,—a right which cannot be impaired without the beneficiary's consent. *Wilmaser v. Insurance Co.,* 66 Iowa, 417; *Central Bank v. Hume,* 128 U. S. 195 (9 Sup. Ct. Rep. 41, 32 L. Ed, 370); *New York Life Ins. Co. v. Ireland,* — Tex. (17 S. W. Rep. 617, 14 L. R. A. 278); *Lockwood v. Insurance Co.,* 108 Mich. 334 (66 N. W. Rep. 229). See cases collected in 3 Am & Eng. Enc. Law, 980.

Appellant urges that a different rule should be applied to an endowment policy. Without deciding what the right of the assured would have been upon the completion of premium payments, it is enough to say that he died before that time, and at a period when the indemnity was payable to Henricka or her executors. The fact that it in whole or in part might have become payable to him in a certain contingency which never happened is wholly immaterial. *Pingrey v. Insurance Co.,* 144 Mass. 374 (11 N. E. Rep. 562); *Lemon v. Insurance Co.,* 38 Conn. 294; *Brummer v. Cohn,* 86 N. Y. 11 (40 Am. Rep. 503).—AFFIRMED.