GEORGE H. CABLES, appellant from decree of judge of probate, *vs.* PRISCILLA PRESCOTT.

Knox. Decided April 1, 1878.

*Descent. Insurance.*

When a minor unmarried dies leaving no issue, father, mother, brother or sister, the estate of the minor not inherited from her father descends to the maternal grandmother as next of kin rather than to an uncle on the father's side or to the children of such uncle. R. S., c. 75, § 1, Rule 5.

When a father effects an insurance on his life, payable to a trustee in trust for his minor child, and dies, the proceeds of the insurance vest in the trustee and constitute no portion of the paternal estate.

ON REPORT.

*T. P. Pierce,* for the appellant.

*A. S. Rice & O. G. Hall,* for the appellee.

APPLETON, C. J. Carrie E. Cables, a minor and unmarried, died intestate, leaving the unexpended portion of the proceeds of a policy of life insurance effected by her father on January 1, 1866, on his life and payable by its terms to Stephen N. Hatch, in trust for said Carrie. The father died August 7, 1866.

Carrie E. Cables died leaving no issue, father, mother, brother,

sister, nor issue of any deceased child of her parents or either of them. She left Priscilla Prescott, the appellee, who was the mother of her mother. The appellant was a brother of her father, who appealed in behalf of himself and Lewis H. Cables and John H. Cables, two sons of a deceased paternal uncle.

The judge of probate ordered the proceeds of the estate of Carrie E. Cables remaining in the hands of her guardian to be paid to the appellee, from which decree an appeal was duly taken.

The decree must be affirmed. By R. S., c. 75, § 1, Rule 5, "If no such issue, father, mother, brother or sister, it descends to his next of kin in equal degree." This is the rule applicable to real estate, and by § 8, it is equally applicable to the personal estate, subject however to certain exceptions, which do not affect the case under consideration.

Carrie E. Cables had no issue, father, mother, brother or sister. The grandmother therefore would take the estate as next of kin in preference to uncles or aunts or their children. "In the mode of computing the degrees of consanguinity, the civil law, which is generally followed in this country upon that point, begins with the intestate, and ascends from him to a common ancestor, and descends from that ancestor to the next heir, reckoning a degree for each person as well in the ascending as descending lines." 4 Kent, 412. The grandmother would take before uncles or their children. 4 Kent, 407. *Kelsey* v. *Hardy*, 20 N. H. 479.

The sixth rule does not apply, because the minor did not have any estate "inherited from either of his parents." The insurance constituted no portion of the paternal estate. The contract vested in the trustee for the benefit of the *cestui que trust*. The father had no inheritable estate. *Libby* v. *Libby*, 37 Maine, 359. *Swan* v. *Snow*, 11 Allen, 224. The policy and its proceeds passed to the trustee by contract. The minor inherited nothing by descent from her father. *Cragin* v. *Cragin*, 66 Maine, 517.

*Decree of the judge of probate affirmed with costs.*

WALTON, DICKERSON, BARROWS, DANFORTH and PETERS, JJ., concurred.