CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *v*. THOS. RYAN, Respondent, and SALLIE GILDAY, Appellant.

### April 13, 1880.

1. A wife may transfer her interest in a policy of insurance upon her husband's life by assignment.

2. That such an assignment is procured by the persuasion and influence of the husband does not avoid it, in the absence of fraud.

3. A wife has no title to the proceeds of an insurance policy upon her husband's life unless it be so expressed in the policy, though the policy recites that the premiums were paid by her, when in fact they were all paid by her husband or his creditors.

APPEAL from the St. Louis Circuit Court.
*Affirmed.*

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellant: The wife cannot assign the policy during her husband's life.— *Eadie* v. *Slimmon*, 26 N. Y. 9 ; *Barry* v. *Insurance Co.*, 59 N. Y. 587 ; *Barry* v. *Brune*, 71 N. Y. 267 ; *Moehring* v. *Mitchell*, 1 Barb. Ch. 272 ; 34 Conn. 305 ; *Wood* v. *Simmons*, 20 Mo. 363 ; *Croft* v. *Bolton*, 31 Mo. 355. It is not necessary to show actual fraud, to render void an assignment made by the wife under the undue influence of the husband.—

*Whelan* v. *Whelan*, 3 Cow. 537 ; *Turner* v. *Turner*, 44 Mo. 537.   Ryan, having wrongfully obtained an apparent title and possession of the original policy, stood in the position of Mrs. Gilday's agent or trustee. — 71 N. Y. 267 ; Story on Ag., sects. 229, 231 ; *Salisbury* v. *McCoom*, 3 Conn. 390 ; 2 Story's Eq. Pl., sects. 395, 513, 1258, 1259.

E. T. Farish, for the respondent, cited : *Insurance Co.* v. *Brant*, 47 Mo. 424 ; *Baker* v. *Young*, 47 Mo. 453.

Hayden, J., delivered the opinion of the court.

This is a bill of interpleader, filed by the plaintiff that the respondent and the appellant might, between them, litigate the right to $4,728, the proceeds of a policy of insurance upon the life of John Gilday, the husband of the appellant. The respondent, a creditor of Gilday in the latter's lifetime, claimed the policy by virtue of a written assignment of the same, made to the respondent by John Gilday and the appellant on the twenty-third day of May, 1874.   The allegations of the appellant are to the effect that the respondent wrongfully and fraudulently prevailed upon her husband to so exercise his marital influence over the appellant as to make her transfer the policy to the respondent without consideration, and that she made the transfer in trust, expecting that the respondent would protect her interests.

The money having been paid into court and the plaintiff discharged, the court below, upon the testimony, found the issue for the respondent, and there was judgment accordingly.

The appellant assumes that the policy, before the assignment, belonged to her ; but the wording of the policy does not sustain this position, nor do the facts.   The policy is nowhere expressed to be for her benefit, or to have been taken out for her, or on her account.

The company " do assure the life of John Gilday  *  *  * in the sum of $5,000, payable on the eighteenth day of

March, 1886, when the said John Gilday shall have attained the age of fifty-five years, or in ninety days after due notice and proof of his death, should he die before attaining to that age.'' In no event is the policy made payable, by any possible construction, to the appellant; and in case of his death — the contingency which happened, and on which the bill was filed — it is payable, by express words, to his '' executors, administrators, or assigns.'' In the first part, in stating the consideration, the $354.15 premium is said to have been paid by the appellant; but this is merely recital, and the question here is as to the essential parts. In fact, it appears that the appellant paid no premium, these being paid either by her husband or the respondent.

The appellant kept the policy, and, it appears, had it in her exclusive possession up to the time of the assignment. There was another policy for $3,000 which the appellant held upon the life of her husband, and upon which she collected the value, $401. Upon these facts, the appellant does not make out her title to the policy as against the creditors of her husband, of whom the respondent is one, and the one to whom the husband assigned the policy, some four years before his death. Wag. Stats. 936, sect. 15 *et seq.* Here, the wife had no claims based on premiums paid from any separate sources. The fund that kept alive the policy was contributed either by the husband or his creditors, and the amount of annual premium exceeded $300.

But if the appellant had, before the assignment, an interest, she parted with it. The construction put by the Supreme Court of this State upon our statute settles this question. Though the husband may unduly influence the wife in cases like the present, the wife is not therefore to be deprived of one of the chief incidents of property, — the power to control it and make it available for present purposes.

If this power is given her, she must take the consequences which flow from its exercise. There was here no

fraud, nor anything in the nature of fraud. The husband of the appellant was in failing circumstances, and the respondent and his agent made certain statements, which may have been perfectly sincere, and which are not shown not to have been so. There is no evidence to the effect that the respondent promised to hold the proceeds of the policy, or any part of them, in trust for the appellant; and, on the evidence, we do not see how the trial court could have found otherwise than it did. If the appellant had any property in the policy, she parted with it of her own accord, the consideration being here, as it was in the case of *Baker* v. *Young*, 47 Mo. 453, the security or discharge of a debt of the husband.

If, under the eighteenth section of the statute above referred to, it is possible to take the view, in spite of the language of this policy, that it is expressed to be for the benefit of the wife, then it enured to her separate use, and in reference to it she had that power of control and disposition which is ordinarily an incident of property that is held by a person in his or her own right.

The judgment of the court below is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.