CASE 58—INSURANCE—DECEMBER 11, 1884.

| 82 | 347 |
| f126 | 98 |

# Van Bibber's Adm'r, &c., v. Van Bibber.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

O. V. B. became a member of the Presbyterian Mutual Assurance Fund, designating his brother, H. V. B., as the beneficiary. The latter died March 7, 1880. On March 11, 1880, O. V. B. designated his wife as the party entitled to the insurance.

*Held*—That under the charter of the association, O. V. B., after his brother's death, had the right to nominate his wife as the party entitled to the insurance money, and that after his death the money must be paid to her.

B. W. DUKE AND J. B. BASKIN FOR APPELLANTS.

The change upon the books of the Presbyterian Mutual Assurance Fund is in violation of their charter, and void. The association could not, under their charter, make or permit the change from the brother of the assured to his wife without authority, and the assured, having no control over or right in the policy, could not direct such a change (Robinson v. Duvall, MS. opinion, September, 1880; Masonic Ins. Co. v. Miller's adm'r, 13 Bush, 494; Goodson v. Duvall, MS. opinion; Cooley Const. Lim.)

WARD & McAFEE FOR APPELLEE.

1. Appellee is entitled to the insurance fund in controversy.
2. O. Van Bibber had the right, under the charter of the association, to designate his wife after the death of his brother.
3. O Van Bibber could not pledge the certificate of insurance to appellant to secure a debt. (Acts of 1878, page 200; Duvall v. Gordon, MS. opinion, September 1880; 13 Bush, 494.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

On November 5, 1879, O. Van Bibber became a member of the corporation known as the "Presbyterian Mutual Assurance Fund."

His application for membership directed that "the sum due at my death I desire to be paid to my brother, Harvey Van Bibber;" while the certificate of membership provided that the benefit of not exceeding $2,000

should, upon his death and the surrender of the certificate, be paid "to such person or persons as he may designate, by will or upon the books of this corporation."

By an entry upon the company's books also, Harvey Van Bibber was designated as the beneficiary. He died on March 7, 1880. On March 11, 1880, O. Van Bibber, by letter, requested the company to enter his wife's name upon its books as the beneficiary, and it did so, and furnished him a certificate of the fact. He died on May 26, 1880, intestate and childless.

The benefit is now claimed by his widow, E. L. Van Bibber, by the administrator of Harvey Van Bibber and also by his sister, he having died unmarried and intestate.

The said administrator also seeks, in the event he is not entitled to the entire fund, to recover so much of it as will pay what he alleges was owing his intestate by O. Van Bibber upon the ground that the insurance had been effected to secure it, and was in pledge for it.

The fourth section of the company's charter provides that "the object of this corporation is to create and provide a beneficiary fund for the families or relations of deceased members, or for the benefit of members in sickness."

The sixth section says :

"Upon the decease of any member of this Association, the fund to which *his family is entitled* shall be paid as may be designated in the application for membership ; *this being changed by death*, or otherwise impossible, it shall go—

"*First.* To the widow and infant children.

"*Second.* To his mother and sisters.

"*Third.* To his father and brothers.

"*Fourth.* To his grandchildren.

"*Fifth.* To his legal heirs.

"Section 7. The fund due deceased members shall not be subject to the claims of creditors, and shall not be reached by attachment, garnishment or other process of law, so as to divert from the family of such members."

The above are all the provisions of the charter that bear upon the questions presented by this appeal.

A beneficiary under an insurance policy must have an insurable interest in the life of the insured. It is well settled, however, that a creditor has such an interest in the life of the debtor, while upon the other hand, a mere wager policy is void. (Bliss on Life Ins., section 27; Conn. M. L. Ins. Co. v. Schaefer, 94 United States, 457.)

In this instance, however, there was no power to insure for the benefit of a creditor, or to pledge the policy to secure a debt.

The seventh section *supra* forbids it. The Legislature created the corporation for purely benevolent purposes. The object in view was the benefit of the family of the deceased member; and it would be defeated if the insurance fund were liable for the debts of the insured.

It would be idle to permit a pledge of the policy when the contract could not be enforced, or to give a right and withhold the remedy. (Ky. M. M. L. Ins. Co., &c., v. Miller's Adm'r, 13 Bush, 489.)

It is, however, really unnecessary to discuss this ques-

tion, or whether any debt was in fact owing or enforce-
:able, or any pledge attempted, or whether the lower
·court ruled correctly upon the exceptions to the testi-
·mony, owing to the conclusion we have reached upon
.another question which is in advance, and is decisive of
the case.

It is a general rule, as to an ordinary life insurance
policy, that the person originally designated in it as the
beneficiary is entitled to the benefit; that the right to
it vests in him the moment it is issued, and that neither
the insured nor the insurer can change it to the detri-
ment of this third party.

This rule applies to policies issued by mutual benefit
·associations, and must govern in this instance, unless
the charter provides differently.

The certificate of membership constitutes the con-
tract; but it is to be construed and governed by the
·company's charter.

In fact it may be said that the charter is a part of
the contract; and if it declares who, in a certain event,
·shall be the beneficiary, the parties can not alter this
legislative direction, because neither the company nor
the insured can do any thing in violation of it.

It is necessary to keep in view that it was certainly
the main object of the Legislature, if indeed it was not
its sole one, in this instance to provide for the member
of the company in case of his sickness, or for his fam-
ily in the event of his death.

This intention would, therefore, be defeated if a
stranger could be named as the beneficiary, and the
fund pass to his representatives upon his death.

It is, however, urged that in this instance the benefi-

ciary was a brother under the charter, and that the "relations" of members might be provided for, as well as their "families." ·

·The sixth section of the charter, however, fixes to whom the benefit is to be paid. As showing the legislative intent, it first speaks of it as "the fund to which *his* (the member's) *family* is entitled."

It then provides, that it shall be paid as may have been designated in the application for membership ; but if this be impossible, by reason of death or otherwise, it must be then paid to the persons and in the order as enumerated in the section. The death alluded to is certainly that of the designated beneficiary, and the language leads irresistibly to the conclusion that it was intended, that, in order that the beneficiary might take, he must be a living person at the time of the death of the insured.

The words, "this being changed by death," certainly mean something ; and if the benefit goes to the representatives of the decedent, who was named as the beneficiary, they were needless, as the fund would have so passed without them.

It is urged, however, that the persons named in said section, who take, in the event of the death of the beneficiary, are his wife and his relations, and not those of the insured.

It is hardly to be supposed that the law-making power would have so carefully enumerated the persons who were to take, in the event of the death of the beneficiary, if it was intended that the fund should pass to his line ; while upon the other hand this is entirely natural and reasonable, if it was intended that it should

go to the line of the insured.   This conclusion is fortified by the fact that by the order of payment named, those persons who were first entitled to the regard of the insured and who were most likely to need aid, were first named.

For instance, the sisters take in preference to the brothers, and this particularity would not exist if the fund had to pass to the representatives of the beneficiary, who was not a member of the association.

The death of the beneficiary "changed" the designation of the fund, and then the charter gave it "as a benefit" to those who depended for their support upon the life of the member for whose benefit the law was enacted.

The assured had the power to designate a relative and creditor as the beneficiary ; but as he died before the death of the insured, the designation was "changed by death," and the fund could not be paid as designated in the application for membership, in which event it passed to the widow of the party intended by the charter to be benefited.

It is unnecessary to decide whether the insured had the power to name another beneficiary, after the death of the one named in the application for membership, as the one he did name is the same person who was first entitled to the fund under the company's charter, in the event of the death of the beneficiary named in the certificate of membership.

Judgment affirmed.