JOHN C. SMALL, and others, EXECUTORS, in equity,

*vs.*

HARRIET C. JOSE, and others.

## Cumberland.    Opinion December 20, 1893.

*Life Insurance.    Beneficiaries.    Widow.    Grandchildren.    Will.*

In 1870 the insured took out a policy of life insurance payable to his legal representatives, "for the benefit of his widow, if any, and his then surviving children in equal shares to each." At his death in 1892, he left a widow, by a second marriage, one daughter, and a grand-daughter, the child of another deceased daughter. *Held;* that the widow and surviving daughter took one half each of the policy; and that the grand-daughter was not a beneficiary within the meaning of the policy.

A policy of life insurance payable to the legal representatives of the insured, "for the express benefit" of his wife and two daughters. is presumed to go to the three beneficiaries in equal parts to each; and their rights as such become vested and transmissible upon the issuance of the policy.

At the time of the death of the insured, the only surviving beneficiary was a daughter, who was also sole legatee under the will of the mother. *Held;* that the daughter took one third in her own right, and one third also as legatee; that the remaining third belongs to the heir of the other deceased daughter.

The statutes of this State make special provisions for the distribution of money derived from life insurance. To change such distribution by will, the testator must make specific expression of such intention. *Held;* that these statutes do not affect insurance vested in, or derived by the testator, as a beneficiary under a policy upon the life of a third person. Such rights will pass by will without special designation.

*Hathaway* v. *Sherman*, 61 Maine, 466, distinguished.

ON REPORT.

This was a bill in equity, in the nature of a bill of interpleader, brought by the executors of the will of the late Horatio N. Jose, of Portland, to determine the construction of two policies of insurance in force upon the life of Mr. Jose, at the time of his death, and the legal rights of the opposing claimants to the insurance moneys received by the executors. The case was reported to the law court, and heard on bill and several answers.

The facts were not in dispute, and are stated in the opinion.

*Edward M. Rand*, for Harriet C. Jose, widow, and Helen J. Pierce, daughter.

*Symonds, Snow and Cook,* for Gwendolyn Cummings, and her guardian, Lincoln C. Cummings.

The word, "children," is equivalent to issue, and may include children and grandchildren, alike, even in deeds and wills. *Bray* v. *Pullen,* 84 Maine, 188 ; *Stetson* v. *Eastman, Id.* 366, 376 ; *Osgood* v. *Lovering,* 33 Maine, 464. Policies of life insurance for the benefit of a man's family should be so construed. *Robinson* v. *Duvall,* (Ky. 1881,) cited in 12 L. & E. Rep. 466 ; *Martin* v. *Ætna L. Ins. Co.* 73 Maine, 25 ; *Conn. M. L. Ins. Co.* v. *Fish,* 59 N. H. 126 ; *Continental L. Ins. Co.* v. *Palmer,* 42 Conn. 60. The phrase, " then surviving children," should be construed as referring to branches of the family, and not to individuals. *Cooper* v. *McDonald,* L. R. 16 Eq. 258 ; *Waite* v. *Littlewood,* L. R., 8 Chan. App. 70 ; *Church* v. *Tyacke,* 12 Ch. Div. 205.

The will of Nancy B. Jose, not sufficiently explicit to effect a bequest to her daughter, Mrs. Peirce, of the amount to be realized from the second policy. *Hathaway* v. *Sherman,* 61 Maine, 466 ; *Blouin* v. *Phaneuf,* 81 Maine, 176 ; *Hamilton* v. *McQuillan,* 82 Maine, 204. Beneficiaries named in the policy take a vested interest. *Pingrey* v. *Nat. L. Ins. Co.* 144 Mass. 381, and cases cited ; *Hull* v. *Hull,* 62 How. Pr. 100.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, JJ.

EMERY, J.   The complainants as executors of the will of Horatio N. Jose, deceased, have received the amount of two life insurance policies, issued to Mr. Jose, and they now ask how they shall divide the amounts among the beneficiaries named in the policies.

I.   In the policy issued by the New England Mutual Life Insurance Company, for $10,000, the insurance was expressed to be payable to his executors, "for the benefit of his widow, if any, and his then surviving children, in equal shares to each." At the date of the policy Mr. Jose had a wife, (Nancy) and two children only, Helen and Jessica.   The wife, Nancy, died

and Mr. Jose married the respondent, Harriet, as his second wife. The daughter, Jessica, died before her father, and left one child, the respondent, Gwendolyn. At the death of Mr. Jose, therefore, he left a widow, Harriet, one surviving child, Helen, and one grand-daughter, Gwendolyn, by his prior deceased child, Jessica.

Reading the words of the policy in their ordinary sense, the insurance was for the benefit of his widow, Harriet, who survived him, and his daughter, Helen, the only child of his, surviving him, in equal shares to each. The right of the widow, Harriet, to some share is not seriously contested, but it is vigorously urged, that the grand-daughter, Gwendolyn, is entitled to one third, in the right of her mother, Jessica, the prior deceased daughter of Mr. Jose. It is argued that the word, "children," may be equivalent to "issue," and include grand-children, and still later descendants.

There are cases, where the other words of the instrument, and the circumstances of the party executing it, make it apparent that he meant by the word, "children," to include grand-children. In such cases, where the meaning is thus made clear, the courts have recognized it. Grand-children, however, will not be considered as included in the term children, unless such intention is clearly expressed. *Osgood* v. *Lovering*, 33 Maine, 469. In this case there are no such words or circumstances. On the contrary, the significant words, "then surviving," were placed immediately before the word, "children." If the intent was to include the grand-children by a deceased child, then the prefixed words were superfluous. The words quoted from the policy, plainly refer to the direct offspring and not to grand-children, or later descendants.

As to this policy, the only beneficiaries at Mr. Jose's death were the widow, Harriet, and his only surviving child, Helen. Each of these is entitled to receive one half of the $10,000, received from the New England Mutual Life Insurance Company.

II. In the policy issued by the Massachusetts Mutual Life Insurance Company, for $400, the insurance was expressed to be payable to Mr. Jose's executors after his death, and was

expressed to be, "for the express benefit of Nancy B., Helen M. and Jessica H., wife and children of the said Horatio N. Jose." At the date of the policy, Mr. Jose had a wife, Nancy B., and two children, Helen M. and Jessica H., the three persons named in the policy. His wife, Nancy B., and his daughter, Jessica H. died before him, so that at the time of his own death the only surviving person named as beneficiary in the policy was Helen M.

The executors make no claim that the death of Nancy B., the wife, and of Jessica, the daughter, before the death of Mr. Jose, operated to turn their shares into his estate, to be disposed of under his will. Helen M., the survivor, now claims, (1st) the whole sum, as the only surviving beneficiary, on the ground of her survivorship; (2d) (if her first claim is overruled,) one third in her own right, and another third, (her mother's share,) as the sole legatee under her mother's will, duly probated. The husband and daughter, (the one as legatee, and the other as heir,) of Jessica, deceased, claim one third as Jessica's share, and also one half of Nancy B., the mother's share, on the ground that her share was not capable of being devised but fell to the shares of the other two beneficiaries upon her death.

The presumption naturally is, that the original beneficiaries were to take equal shares, one third to each. This presumption is not disputed by any of the parties. There is nothing in the language of the policy indicating any intention that the surviving beneficiaries should succeed to the shares of the deceased beneficiaries. The executors make no claim that the shares of those deceased before Mr. Jose lapse to his estate. Where then do they go?

If Mr. Jose had placed $400, or securites for that amount, in the hands of trustees, for the benefit of his wife and two children, to be turned over to them, or to his executors, for them upon his decease, the right of each beneficiary therein would at once become a vested right, capable of transmission, at least, in equity, and so firmly vested that even Mr. Jose could not have taken it from them. *KeKewich* v. *Manning*, 1 De G., M. & G., 179; *Stone* v. *Hackett*, 12 Gray, 227.

What Mr. Jose did do, was to contract with the life insurance company, to pay over that sum to his executors upon his death, for the benefit of his wife and children. He only varied the mode of providing a fund for the beneficiaries. Their right to the fund as vested, will be recognized in equity, as readily in the actual case, as in the supposed case. *National Life Insurance Company* v. *Haley*, 78 Maine, 268.

A few cases will sufficiently illustrate the principle. In *Life Insurance Company* v. *Baldwin*, 15 R. I., 106, one Fifield procured an insurance upon his life, payable to his executors for the benefit of his wife and children. The wife joined in an assignment of the policy, and died before her husband. *Held*, that her right vested on the issuance of the policy, and passed by her assignment to her assignee. In *Harley* v. *Heist*, 86 Ind. 196, (44 Am. Rep. 285,) one Snyder insured his life for the benefit of his wife. She died before her husband, without disposing of her right under the policy. *Held*, that the administrator upon the wife's estate, was entitled to the insurance money. The opinion of the Indiana Court considers at length, with many citations of authorities, the transmissibility of such a right. See also, *Hooker* v. *Sugg*, 11 Am. St. Rep. 717, and notes. Bliss on Life Insurance; § 318.

We think it clear, both upon principle and authority, that the right of each beneficiary in this case became vested and transmissible upon the issuance of the policy.

The counsel for Gwendolyn, the daughter of Jessica, further contends, however, that the share of Nancy B. did not pass by her will to Helen M. because not specifically named therein. The language in the will is "all the estate, real, personal and mixed." The testatrix evidently meant all kinds of rights that were transmissible. The cases in which a special designation has been held necessary to dispose of life insurance money by will are those of wills by the assured himself. In such cases the statute makes special provision for the distribution of such money and if the assured wishes by will to change such disposition, it has been held he should make specific expression of such intention. *Hathaway* v. *Sherman*, 61 Maine, 466. The will we are con-

sidering here, is not that of the assured, Horatio N. Jose, but that of Nancy B. Jose, the beneficiary. No such statute affects her will. Her right under this policy passed by her will to her daughter Helen.

The result is that Helen M. is entitled to two thirds and Gwendolyn is entitled to one third of the four hundred dollars received from the Massachusetts Mutual Life Insurance Company.

No order is made about costs. The executors can charge theirs to the estate of Mr. Jose and be allowed the same in their accounts.

> *Case remanded for decree in accordance with this opinion.*