## VOLUME 79

AND

## New York State Reporter

## VOLUME 113.

(77 App. Div. 539.)

### MERCHANT et al. v. WHITE.

(Supreme Court, Appellate Division, Third Department. December 9, 1902.)

1. CHILDREN—CONTRACT TO ADOPT—EVIDENCE.

In 1873 defendant's father, by an instrument under seal, granted to deceased the custody of defendant, then a child of five, during minority. Defendant's mother did not consent to the transaction, and the instrument purported to be in consideration of $1, and contained no reference to an agreement by deceased to make defendant his heir. The only evidence of such an agreement was the testimony of defendant's uncle and aunt to a conversation 30 years before the trial. *Held*, that a finding that deceased did not agree to make defendant his heir would not be reversed as contrary to the evidence.

2. SAME—INSURANCE—CONSTRUCTION OF POLICY—HEIRS.

Where a policy was payable to insured's heirs at law in a certain event, which occurred, a child taken into assured's family, but never legally adopted, was not his legal heir, within the terms of the policy.

Appeal from special term, Broome county.

Action by Joseph W. Merchant and others against the Northwestern Mutual Life Insurance Company in which Nettie M. White was made a party by interpleader. From a judgment in favor of plaintiff (75 N. Y. Supp. 756), defendant White appeals. Affirmed.

This action was originally brought by the plaintiffs, who are the heirs at law of Morris R. Merchant, who died intestate in 1900, against the Northwestern Mutual Life Insurance Company, to recover upon a policy of insurance issued upon the 8th day of April, 1865, insuring the life of the said Morris R. Merchant for the sum of $5,000. The policy recites that it is in consideration of $140.40 to them in hand paid by Mary A. Merchant, wife of Morris R. Merchant, and recites that it is for the sole use of the said Mary A. Merchant. The covenant is to pay to her, or, if she should be dead before

79 N.Y.S.—1

the death of Morris R. Merchant, that the amount of the insurance should be paid to the heirs at law of the said Morris R. Merchant. Mary A. Merchant, the wife of Morris R. Merchant, died in 1887. This defendant also made claim to the proceeds of the said insurance policy, claiming both as an adopted child of the said Morris R. Merchant, and also by reason of a contract claimed to have been made by the said Morris R. Merchant with her mother, at which time Morris R. Merchant was given the custody and services of said child, and it is claimed that in consideration thereof he agreed to treat her as his own child and to make her his heir. By an order the moneys were paid into court, and the defendant was interpleaded, and the action was brought to trial upon supplemental pleadings alleging the different claims of the plaintiffs and the defendant to the said moneys. Further facts appear in the opinion.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and CHESTER, JJ.

H. D. Messenger, for appellant.
T. B. & L. M. Merchant (T. B. Merchant, of counsel), for respondents.

SMITH, J. The court below has impliedly found that when Morris R. Merchant took the appellant to his home he made no agreement by which he was to make her his heir or to give her any or all of his property. The only evidence of the agreement itself, aside from the declarations of Morris R. Merchant, is found in the evidence of Anna Smith and Major Smith, her husband, an aunt and uncle of the appellant, who swear to the details of a conversation occurring 30 years prior to the trial. It is hardly possible that the terms of such an agreement can be so long remembered or anything more be retained than an impression of what were to be the relations between Morris R. Merchant and this appellant. The agreement is claimed to have been made with the mother while the father was still living. It is not claimed that he gave any assent thereto at that time. The mother died in 1871. In 1873 the father signed a paper which consists of a transfer to Morris R. Merchant of the custody, tuition, and services of the appellant during the term of her minority, and an authorization to change the appellant's name so that she may bear his name. Both the claimed contract of adoption and this transfer by the appellant's father were made before there was any statute in this state authorizing the adoption of a child. It is true that an agreement by Merchant to make the child his heir, although verbally made, might be valid, and it would be no objection that such was not contained in the instrument of transfer signed by the father. The fact, however, that the instrument of transfer signed by the father recited that it was upon consideration of $1, and made no reference to this claimed agreement on the part of Merchant to make the appellant his heir, is some evidence against the making of such an agreement; and the fact that the transfer should continue during the minority of the appellant is further evidence that there was no intention of establishing a permanent relation of father and child as between Merchant and the child. Merchant's wife, who was then living, does not seem to have assented or in any way agreed to become a party to any adoption. By the adop-

tion act of 1873, thereafter enacted, it was provided that a father could not adopt a child without the consent of his wife. There is further evidence by the witness Killeen and the witness Weaver of declarations of Morris R. Merchant as to his intentions to make the appellant his heir. Upon this question our minds are not entirely free from doubt. But appellant must establish such an agreement by a preponderance of evidence. The trial court has found the fact against her. A reversal of that finding is not warranted by the evidence.

It is not claimed that the appellant was formally adopted by Morris R. Merchant so as to come within the strict definition of a legal heir. While she assumed the name of Merchant, and was brought up in the family as a child, we are referred to no authorities which hold those facts sufficient to give her the status of a legal heir, even in the interpretation of insurance policies made for the benefit of families. Such contracts are given a liberal interpretation to secure the purpose of the insurance as a provision for the support and maintenance of a family. When, however, the contract of insurance makes the amount payable to the legal heirs of the assured, it would be doing violence to the contract rights of such heirs to interpret the policy for the benefit of a child taken into a family and brought up as such without a formal adoption, by which alone the appellant could have been made the heir of the insured. We have carefully examined the very able brief of the appellant's counsel, which, as we deem, falls just short of establishing the appellant's rights either upon the law or the facts. We think the judgment should therefore be affirmed.

Judgment unanimously affirmed, with costs.