## MUTUAL LIFE INS. CO. OF NEW YORK v. BUFORD et al.

No. 6761—Opinion Filed Oct. 24, 1916.

(160 Pac. 928.)

**1. Appeal and Error — Motions — Orders— Entry in Journal—Necessity.**

The requirements of section 5317, Revised Laws of 1910, as to entering all orders upon the journal of the court is directory, and it is not essential to the validity of such orders that the same be so entered, and that the case-made show affirmatively such recording.

**2. Appeal and Error—Record—Defects—Effect.**

That the case-made does not affirmatively show that orders extending time to prepare and present case-made are entered upon the journal of the court, is not sufficient ground for dismissal of appeal.

**3. Insurance—Actions on Policies—Pleading—Condition.**

Where a policy of life insurance contains a provision that after two years from date of its issue said policy is incontestable, such provision is not a waiver, but a condition, and where such condition is not specifically pleaded in the petition, but a copy of such policy of insurance is attached as an exhibit to and made a part of said petition, such condition as to incontestability of such policy of insurance is sufficiently pleaded.

**4. Insurance—Avoidance—Breach of Warranty.**

Where the only defense interposed to an action on a life insurance policy, containing a condition of incontestability after two years from date of policy, is a breach of the warranties in the application for the issuance of the policy, such defense pleaded more than two years after the date of issue of the policy does not constitute a valid defense.

**5. Insurance — Cancellation.— Right of Insurer.**

After the issue of a policy of insurance, the insurer cannot cancel such policy on the ground of breaches of the warranties in the application for insurance, except with the consent of the insured and beneficiary named in the policy, who has vested interest in the policy, except in the manner provided in the policy, unless proper legal action is taken prior to the time named in the policy in which the same became incontestable.

**6. Same.**

An insurer cannot cancel a policy of life insurance against the objections of the insured by declaring the policy canceled upon the ground that the insured falsely represented his family history, occupation, place of residence, and use of intoxicating liquors, and tendering back to the insured the premiums paid by him; there being no provision in the policy authorizing the insurer to thus cancel the policy.

**7. Insurance — Actions — Direction of Verdict.**

Where the petition states, and the evidence shows, a good cause of action upon a policy of life insurance, containing a condition of nonforfeiture after two years from the date issue of the policy, and the only defense pleaded is a breach of the warranties contained in the application for the insurance, pleaded more than two years after the policy became incontestable, such breach constitutes no defense, and the court should direct a verdict for the plaintiff.

(Syllabus by Collier, C.)

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by Caprice Buford and others against the Mutual Life Insurance Company of New York. Judgment for plaintiffs, and defendant brings error. Affirmed.

Grinstead & Scott, for plaintiff in error.

Locke & Locke and Stephen C. Treadwell, for defendants in error.

Opinion by COLLIER, C. This is an action brought by defendants in error, beneficiaries named in a policy of insurance issued by the plaintiff in error, on May 17, 1906, on the life of their father, Wallace Buford, to recover on said policy. Hereinafter the parties will be designated as they were in the trial court.

It is admitted by the defendant that the policy was issued as stated in the petition, and that the annual premium due on said policy was $118.08; that two annual premiums were paid by the insured on the policy, which payments paid all premiums due on said policy up to and including May 17, 1908, and thirty days thereafter, as provided by the terms of said policy, and for more than two years from date of issue of said policy.

The uncontradicted evidenec is that on the 30th day of October, 1907, while the policy was in good standing with premiums paid to May 17, 1908, and with 30 days' grace thereafter in which to make additional payments, defendant undertook to cancel said policy for the reason, as defendant claims in its answer, that the said Wallace Buford, in his said application for insurance, made statements, as to his habits as to the use of wines, fermented and malted liquors, that were not true, and defendant so notified said Buford and offered to return to him, with interest, the premiums which he paid for said insurance, which offer the said Buford first agreed to accept and finally declined so to do, and thereafter offered to pay the premium for the succeeding year, which the company refused to accept.

On the 8th day of November, 1911, the insured departed this life, and notice of such death was furnished the defendant and demand for the payment of said policy made, which payment was refused, and thereupon this action was instituted.

The petition is in the usual form for an action on a life insurance policy, and attached thereto and made a part thereof is a copy of said policy of insurance. In said policy of insurance, a copy of which is attached to said petition, there is contained a provision that after two years from the date of issue of said policy, the same will be incontestable, if the premiums have been duly paid thereon. There is no specific allegation in the petition proper as to said condition of nonforfeiture. The only defense inter-

posed by the said answer of the defendant is that there were misrepresentations by the insured in his application for said insurance in regard to his family history, occupation, residence, and excessive use of alcoholic liquors. The defendant concedes that there is no defense to this action on account of any failure to pay premiums thereon.

In the trial of the cause, no evidence whatever was offered tending to show any breach of warranties in the application for insurance as to the use of intoxicating liquors by the insured; while the preponderance of the evidence was that there had been a breach of the warranties of the insured as to his habits, residence, occupation, and family history, but none of these breaches of warranties were legally set up within two years from the date of issuance of policy, and therefore the defendant was estopped from setting them up at the trial, the policy long before the trial having become incontestable.

Answer was filed in 1913, years after the policy had become incontestable, which was the first attempt of the defendant to legally avoid the policy of insurance on the grounds of misrepresentation of warranties contained in the said application of insurance.

The death of the insured was admitted by the pleadings, together with the fact that defendant had refused to accept the premiums offered by the insured during his lifetime, other than the two first annual premiums paid; and that the defendant upon notice of the death of the insured had refused, upon demand, to pay the amount of insurance stipulated to be paid by the policy.

Upon the conclusion of the evidence of the plaintiffs, the defendant demurred to the evidence, which was overruled, and duly excepted to; thereupon the defendant moved for an instructed verdict, which was refused and excepted to. Upon the conclusion of all of the evidence, plaintiffs moved for an instructed verdict, which was given by the court, and verdict rendered by the jury for the plaintiffs in the sum of $2,925.18, the face of the policy herein sued on and interest thereon, less $472.32, the amount of the unpaid premiums and interest thereon.

Within the statutory time defendant moved for a new trial, which was overruled, and judgment entered on the verdict rendered, to which defendant duly excepted. To reverse the judgment rendered, this appeal is prosecuted.

The defendant in error moves to dismiss this appeal on the following grounds: (1) That the case-made herein was not served upon the defendant in error within the time provided by law and the extensions allowed by the trial court; (2) that the order of the trial court purporting to extend the time for making and serving a case-made does not show to have been extended upon the journal of the court.

In support of the motion, the following cases are cited: Springfield F. & M. Co. v. Gish et al., 23 Okla. 824, 102 Pac. 708; Fife et al. v. Cornelous et al., 35 Okla. 402, 124 Pac. 957; Mobley v. C., R. I. & P. R. Co., 44 Okla. 788, 145 Pac. 321; In re Garland, 52 Okla. 585, 153 Pac. 153. We are of the opinion that the record discloses that the case-made was served upon the defendant within the time provided by extension of time for presenting the same.

In the case of St. L. & S. F. R. Co. v. W. N. Taliaferro, 58 Okla. 585. 160 Pac. 610, in the third paragraph of the syllabus, it is said:

"Section 5317, requiring orders made out of court to be forthwith entered on the journal of the court by the clerk, is directory, and compliance with said requirement that such orders be so entered is not essential to the validity of such orders, nor is it necessary that the case-made show affirmatively the recording thereof."

This holding is contrary to the above authorities cited by defendant, and in said case of St. L. & S. F. R. Co. v. Taliaferro, the said cases are expressly overruled. We are of the opinion that the motion to dismiss is without merit, and must be denied.

In considering the merits of the cause we are confronted by the contention on the part of the defendant that if the condition of the policy as to non-forfeiture was available as an answer to the averments of the misrepresentations contained in the application for insurance, that said nonforfeiture was a waiver and was not properly pleaded, and that in order that a waiver may be available it must be specifically pleaded. Grimes v. Cullison, 3 Okla. 268, 41 Pac. 355; Whiteacre v. Nichols, 17 Okla. 387, 87 Pac. 865; Long v. Shepard, 35 Okla. 489, 130 Pac. 131; Davis et al. v. Board Co. Com'rs, 58 Okla. 77, 158 Pac. 294.

The admissions in the answer show beyond question the issuance of the policy, payment, and proper tender of payment of the premiums thereon, death of the insured, notice to the company of such death, and refusal of the company to pay such policy, and that more than two years had elapsed since the date of issue of the policy, and the defendant failing to show that within two years from

the date of policy that legal action had been taken to avoid the policy on account of breaches of the warranties in the application for insurance, or that said policy had been canceled with the assent of the insured, the court properly overruled defendant's demurrer to the evidence, correctly denied motion for a directed verdict for defendant, and properly directed a verdict for the plaintiff.

We are of the opinion that the court properly sustained the objection to the answers of J. W. Duke to the tenth and eleventh interrogatories, respectively, propounded to him as a witness for defendant—that he (Duke) would not have approved said application for insurance had he been advised that certain members of the family of the insured had died of tuberculosis, for the reason that by the condition in the policy as to its being noncontestable after two years from date of issuance, and such two years having long since expired, it was entirely immaterial as to what representations had been made in the application, or that if such misrepresentations had not been set forth in the application that the policy could not have been issued; there being no proof on the part of the defendant of any proper action having been taken by the defendant within two years from the date of issue of the policy to cancel the policy on account of breaches of warranties in the application.

An unwarranted effort on the part of the defendant within two years from date of the policy to declare said policy void on account of the breaches of warranties in the application of insurance, as to the habits of the insured as to the use of intoxicating liquors, would not, in our opinion, entitle the defendant, after the expiration of two years after the date of issue of said policy, to interpose as a defense to the action other breaches of warranties contained in said application for insurance.

As the failure on the part of the insured to pay the premiums provided to be paid by the policy is not set up in the answer as a defense, and the only defense set up is the breach of the warranties contained in the application for insurance, we are of the opinion that the answer did not set up any defense to the action, and that had a demurrer been interposed to the answer that the same should have been sustained. Certainly, in the absence of authority contained in the contract of insurance, the insurer was without power to determine as to the truthfulness of statements contained in the application for insurance, and to declare the policy forfeited. If the insurer desired to avoid the policy, on the ground of misrepresentations contained in the application for insurance, it should, in the absence of the consent on the part of the insured and the beneficiaries named in the policy, have taken legal steps to do so within two years from the date of issuance of the policy, and, failing so to do within two years from the date of the issue of the policy, the policy of insurance was incontestable on the ground of breaches of warranties contained in the application.

In the case of Washington Life Ins. Co. v. Rosa Berwald, 97 Tex. 111, 76 S. W. 442, 1 Ann. Cas. 682, it is held:

"The interest of one named as beneficiary in a life insurance policy is a vested interest, and the contract of insurance cannot be terminated by the insured or insurer without the consent of the beneficiary except in the manner provided by the policy or by-law."

The interest of one named as beneficiary in an ordinary life insurance policy is a vested interest, and the contract of insurance cannot be terminated by the insured or the insurer without the consent of the beneficiary, except in the manner provided in the policy or by law. In re Richardson, 47 L. T. N. S. 514; Ex parte Dever, 18 Q. B. D. 664; Scott v. Scott, 20 Ont. 313; Central Bank v. Hume, 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370; Brockhaus v. Kemna (C. C.) 7 Fed. 609. Compare Union Mut. L. Ins. Co. v. Stevens (D. C.) 19 Fed. 671; Robinson v. U. S. Mut. Acc. Ass'n (C. C.) 68 Fed. 825; Drake v. Stone, 58 Ala. 133; Waldrom v. Waldrom, 76 Ala. 285; Johnson v. Hall, 55 Ark. 210, 17 S. W. 874; Block v. Valley Mut. Ins. Co. Ass'n, 52 Ark. 202, 12 S. W. 477, 20 Am. St. Rep. 166; Franklin L. Ins. Co. v. Galligan, 71 Ark. 295, 73 S. W. 102, 100 Am. St. Rep. 73; Yore v. Booth, 110 Cal. 238, 42 Pac. 808, 52 Am. St. Rep. 81. See, also, De Silva v. Supreme Council, etc., 109 Cal. 373, 42 Pac. 32; Lemon v. Phoenix Mut. L. Ins. Co., 38 Conn. 294; Con. Mut. L. Ins. Co. v. Burroughs, 34 Conn. 305, 91 Am. Dec. 725; Pace v. Pace, 19 Fla. 438; Delaney v. Delaney, 175 Ill. 187, 51 N. E. 961; Mutual L. Ins. Co. v. Allen, 212 Ill. 134, 72 N. E. 200; Hubbard v. Stapp, 32 Ill. App. 541; Otis v. Beckwith, 49 Ill. 121; Sauerbier v. Union Cent. L. Ins. Co., 39 Ill. App. 620; Wilburn v. Wilburn, 83 Ind. 55; Kline v. National Ben. Ass'n, 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; Pence v. Makepeace, 65 Ind. 345; Wilmaser v. Cont. L. Ins. Co., 66 Iowa, 417, 23 N. W. 903, 55 Am. Rep. 277; Haerther v. Mohr, 114 Iowa, 636, 87 N. W. 692; Olmstead v. Masonic Mut. Ben. Soc., 37 Kan. 93, 14 Pac. 449; Basye v. Adams, 81 Ky. 368; Van Bibber v. Van Bib-

ber, 82 Ky. 347; Matter of Kugler, 23 La. Ann. 455; Pilcher v. N. Y. L. Ins. Co., 33 La. Ann. 322; Lambert v. Penn. Mut. L. Ins. Co., 50 La. Ann. 1027, 24 South. 16; Small v. Jose, 86 Me. 120, 29 Atl. 976. See, also, Cables v. Prescott, 67 Me. 582; Preston v. Conn. Mut. L. Ins. Co., 95 Md. 101, 51 Atl. 838; Pingrey v. Nat. L. Ins. Co., 144 Mass. 374, 11 N. E. 562; Boyden v. Mass. Mut. L. Ins. Co., 153 Mass. 544, 27 N. E. 669; Millard v. Brayton, 177 Mass. 533, 59 N. E. 436, 52 L. R. A. 117, 83 Am. St. Rep. 294; Crittenden v. Phoenix Mut. L. Ins. Co., 41 Mich. 442, 2 N. W. 657; Lockwood v. Mich. Mut. L. Ins. Co., 108 Mich. 334, 66 N. W. 229; Allis v. Ware, 28 Minn. 166, N. W. 666; Schoenau v. Grand Lodge, etc., 85 Minn. 349, 88 N. W. 999; Grego v. Grego, 78 Miss. 443, 28 South. 817; Jackson Bank v. Williams, 77 Miss. 398, 26 South. 965, 78 Am. St. Rep. 530; U. S. Casualty Co. v. Kacer, 169 Mo. 301, 69 S. W. 370, 58 L. R. A. 436, 92 Am. St. Rep. 641, overruling Gambs v. Covenant Mut. L. Ins. Co., 50 Mo. 44; Conn. Mut. L. Ins. Co. v. Ryan, 8 Mo. App. 535; Warner v. M. W. of A. (1903) 67 Neb. 233, 93 N. W. 397, 61 L. R. A. 603, 108 Am. St. Rep. 634, 2 Ann. Cas. 660; Fisher v. Donovan, 57 Neb. 361, 77 N. W. 778, 44 L. R. A. 383; Bowers v. Parker, 58 N. H. 565; City Sav. Bank v. Whittle, 63 N. H. 587, 3 Atl. 645; Supreme Council, etc., v. Adams, 68 N. H. 236, 44 Atl. 380; Landrum v. Knowles, 22 N. J. Eq. 594; Loco. Engrs. Mut. L., etc., Ins. Ass'n v. Winterstein, 58 N. J. Eq. 189, 44 Atl. 199; Fowler v. Butterfly, 78 N. Y. 68, 34 Am. Rep. 507; Greeno v. Greeno, 23 Hun (N. Y.) 478; Ruppert v. Union Mut. Ins. Co., 30 N. Y. Super. Ct. 155; Butler v. State Mut. L. Assur. Co., 55 Hun (N. Y.) 296, 8 N. Y. Supp. 411; Barry v. Equitable L. Assur. Soc., 59 N. Y. 587; Martin v. Mfgs. Acc. Indem. Co., 60 Hun (N. Y.) 535, 15 N. Y. Supp. 309; Stilwell v. Mut. L. Ins. Co., 72 N. Y. 385; Merchant v. White (Sup. Ct. Tr. T.) 37 Misc. Rep. (N. Y.) 376, 75 N. Y. Supp. 756, affirmed, Id., 77 App. Div. (N. Y.) 539, 79 N. Y. Supp. 1; Sanguinitto v. Goldey, 88 App. Div. (N. Y.) 78, 84 N. Y. Supp. 989; Carpenter v. Negus (Sup. Ct. Sp. T.) 17 Misc. Rep. (N. Y.) 172, 40 N. Y. Supp. 995; Shipman v. Protected Home Circle, 174 N. Y. 398, 67 N. E. 83, 63 L. R. A. 347; Sterrit v. Lee (Sup. Ct. Sp. T.) 24 Misc. Rep. (N. Y.) 324, 52 N. Y. Supp. 1132; Compare Hutchings v. Miner, 46 N. Y. 456, 7 Am. Rep. 369; Burwell v. Snow, 107 N. C. 82, 11 S. E. 1090; Herring v. Sutton, 129 N. C. 107, 39 S. E. 772; Scull v. Ætna L. Ins. Co., 132 N. C. 30, 43 S. E. 504, 60 L. R. A. 615, 95 Am. St. Rep. 615. Compare Conigland v. Smith, 79 N. C. 303; Tudor v. Tu-

dor, 11 Ohio Dec. (reprint) 422, 26 Cinn. Law Bul. 368; Manhattan L. Ins. Co. v. Smith, 44 Ohio St. 156, 5 N. E. 417, 58 Am. Rep. 806; Fraternal Mut. L. Ins. Co. v. Applegate, 7 Ohio St. 293; Waltz v. Mutual Aid Soc., 5 Pa. Co. Ct. 208; Malone's Estate (Pa.) 9 Ins. Law J. 767; Brown's Appeal, 125 Pa. 303, 17 Atl. 419, 11 Am. St. Rep. 900; Ætna L. Ins. Co. v. Mason, 14 R. I. 583; Macaulay v. Cent. Nat. Bank, 27 S. C. 215, 3 S. E. 193; Pratt v. Globe Mut. L. Ins. Co. (Tenn. 1875) 17 S. W. 352. But see Rison v. Wilkerson, 3 Sneed (Tenn.) 565; Williams v. Corson, 2 Tenn. Ch. 269; Weil v. Trafford, 3 Tenn. Ch. 108: Atkins v. Atkins, 70 Vt. 565, 41 Atl. 503.

In Clement v. Insurance Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650, it is held:

That "a stipulation that a life policy shall be incontestable after one year, if the premiums are paid, operates to preclude the insurer, after the year has elapsed and premiums have been paid, from denying his liability to the beneficiary, or to a bona fide assignee, upon the ground that the policy was obtained by fraudulent misrepresentation, or upon any other ground going to the original validity of the policy."

In Thompson v. Fidelity Mutual Life Insurance Co., 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. Rep. 823, it is held:

"Where a policy provided that it should be incontestable after three years if the premiums should be paid when due, such clause should be construed to mean that the policy should be incontestable for causes other than the nonpayment of premiums."

In effect, the directing by the court of a verdict for the plaintiff was to sustain a demurrer to the answer.

In the case of Wright v. Mutual Ben. Ass'n of America, 43 Hun (N. Y.) 61, it is said:

"The stipulation provides that the validity of the policy shall not be questioned after * * * two years after date of its issue. * * * The practical and intended effect of the stipulation is, as held by the trial court, to create a short statute of limitation in favor of the insured, within which limited period the insurer must test, if ever, the validity of the policy."

In case of Thomas Murray v. State Mutual Life Ins. Co., 22 R. I. 524, 48 Atl. 800, 53 L. R. A. 742, it is said:

"The insurer is bound by a provision in the policy that 'this policy shall be incontestable after two years from the date of its issue, provided the premiums are paid as agreed,' and is precluded from setting up a defense based upon false and fraudulent answers made by the insured in his application."

In the Royal Circle v. Elizabeth Achterrath, 204 Ill. 549, 68 N. E. 492, 63 L. R. A. 452, 98 Am. St. Rep. 224, which is in keeping with all the authorities, it is held:

That "the 'incontestable clause' of a benefit certificate is to be liberally contrued in favor of the insured."

In Indiana National Life Insurance Co. v. Melissa McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192, it is said:

"It seems to be a well-recognized principle of insurance law that a provision in a contract of insurance limiting the time in which the insurer may take advantage of certain facts that might otherwise constitute a good defense to its liability on such * * * policy other than the defenses excepted in the provision itself. It also seems to be generally held that such a clause precludes the defense of fraud, as well as other defenses, and that it is not invalid on the theory that it is against public policy, provided the time in which the defenses must be made is not unreasonably short. An examination of the following cases will show that the holding of the courts of this country has been * * * universally that every defense to a policy of insurance embraced within the terms of the 'incontestable clause' is completely lost to the insurer, if it fails to make the defense or take affirmative action within the time limited by the policy." Kline v. National Ben. Ass'n., 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; Federal L. Ins. Co. v. Kerr, 173 Ind. 613, 89 N. E. 398, 91 N. E. 230; Court of Honor v. Hutchens, 43 Ind. App. 321, 82 N. E. 89; People's Mut. Ben. Soc. v. Templeton, 16 Ind. App. 126, 44 N. E. 809; Wright v. Mutual Ben. L. Ass'n, 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749; Clement v. New York L. Ins. Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650; Reagan v. Union Mut. L. Ins. Co., 189 Mass. 555, 76 N. E. 217, 2 L. R. A. (N. S.) 821, 109 Am. St. Rep. 659, 4 Ann. Cas. 362; Goodwin v. Provident Sav. Life Assur. Ass'n, 97 Iowa, 226, 66 N. W. 157, 32 L. R. A. 473, 59 Am. St. Rep. 411; Murray v. State L. Ins. Co., 22 R. I. 524, 48 Atl. 800, 53 L. R. A. 742; Royal Circle v. Achterrath, 204 Ill. 549, 68 N. E. 492, 63 L. R. A. 452, 98 Am. St. Rep. 224; Mut. Reserve Fund Life Ass'n v. Austin, 73 C. C. A. 498, 142 Fed. 398, 6 L. R. A. (N. S.) 1064; Mass. Ben. Life Ass'n v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261; Northwestern Mut. L. Ins. Co. v. Montgomery, 116 Ga. 799, 43 S. E. 79; N. Y. L. Ins. Co. v. Baker, 27 C. C. A. 658, 83 Fed. 647; Kansas Mutual L. Ins. Co. v. Whitehead, 123 Ky. 21, 93 S. W. 609, 13 Ann. Cas. 301; Williams v. St. Louis L. Ins. Co., 189 Mo. 70, 87 S. W. 499; Teeter v. United Life Ins. Ass'n, 159 N. Y. 411, 54 N. E. 72; Thompson v. Fidelity Mutual L. Ins. Co., 116 Tenn. 557, 92 S. W. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. Rep. 823; Patterson v. Natural Premium Mut. L. Ins. Co., 100 Wis. 118, 75 N. W. 980, 42 L. R. A. 253, 69 Am. St. Rep. 899.

Finding no prejudicial error in the trial of the cause, this judgment should be affirmed.

By the Court: It is so ordered.