In the Matter of the Estate of LORINNE V. WHITCOMB, Deceased.

Surrogate's Court, Kings County, March 18, 1939.

*Francis J. McLoughlin*, attorney *pro se*, petitioner.

*Richard M. Cantor*, for the contestants.

WINGATE, S. The question here litigated concerns the status of two groups of would-be contestants of the will of this decedent. The first consists of Lilla Brown Hinds, Anna Marie Wheeler and Arthur A. Brown, who assert their status by reason of the alleged fact that their mother, Lilla Brown, was an adopted daughter of the present decedent's father, Virgil Whitcomb. The second group consists of Annie Marie McCue and William T. White, whose asserted relationship is traced through Adele T. White, who is claimed to be a legitimate daughter of the blood of the present decedent's father.

In the opinion of the court the objection to the status of the second group is wholly without merit. It is primarily predicated upon a holographic statement of the present decedent, made at the time she altered a previous will, to the effect that Adele was not her natural sister. Whereas, as a result of the placing of this paper in his hands by the decedent, the unrelated proponent is not subject to criticism for putting Adele's descendants to the proof of their kinship, the document itself constitutes the most flagrant instance of posthumous libel which has ever come to the attention of the court and was apparently prepared by the decedent in anticipation of a contest of the will which was then in process of preparation.

It is unnecessary to review at length the cumulative elements of the proof which was adduced at the hearing demonstrating that Adele was the legitimate natural daughter of the present decedent's father and her own blood sister. Two items thereof, standing alone are adequate for the purpose. These are the petition of Annie M. Whitcomb, the second wife of decedent's father, filed in this court on July 9, 1894, for letters of administration on the

estate of decedent's father. In this she recites that the next of kin of Virgil, in addition to herself, are " Adele T. White, a daughter of deceased " and L. Viola Whitcomb (the present decedent), who is also described as " a daughter of the deceased."

The second item is an affidavit of the present decedent herself, verified December 14, 1912, and filed in the transfer tax proceeding in the estate of Annie M. Whitcomb, in which she states that the decedent " has another step-daughter, my sister married and living in Philadelphia." The uncontroverted and overwhelming demonstration of the record is that this statement could refer to no one but Adele T. Whitcomb White, who was then living in Philadelphia. The allegation that she was her sister was either true or else the decedent committed perjury at the time. An inference of the latter may not be indulged even if the result is to convict her of the commission of a grossly improper act in the false reflection made on her sister in her unsworn statement.

Even without this sworn admission by the decedent that her later statement was false, the petition of Mrs. Whitcomb at the time of her application for letters on her husband's estate is ample proof that Adele was the daughter of Virgil and consequently the sister of this decedent. (*Aalholm* v. *People*, 211 N. Y. 406, 412; *Matter of Mosley*, 138 Misc. 847, 851.) It is accordingly determined that Annie Marie McCue and William T. White are respectively a niece and nephew of the present decedent and consequently, on the showing of the record, are statutory distributees and possess a status to contest her will.

A different situation exists respecting the other group of would-be contestants who claim through Lilla, the assertedly adopted daughter of the decedent's father.

One objection interposed to their status is that they would not be entitled to inherit from this decedent even if the relationship of their mother as an adopted child of the decedent's father were established. This cannot be sustained. The decedent died on October 13, 1938. Effective on April 9, 1938, article VII of the Domestic Relations Law was substantially rewritten and on the date of the decedent's death provided in section 115 that " foster children and natural children shall have all the rights of fraternal relationship including the right of inheritance from each other. Such right of inheritance extends to the distributees of such foster children and natural children and such distributees shall be the same as if each such child were the natural child of the foster parents."

It is well established by repeated adjudication that the rights of inheritance of a foster child from a foster parent are those prescribed

in the statute which is in effect at the date of the death of the foster parent and not those conferred by the statute which was operative at the time the adoption was consummated. (*Theobald* v. *Smith*, 103 App. Div. 200, 202; *Gilliam* v. *Guaranty Trust Co.*, 111 id. 656, 667; affd., 186 N. Y. 127; *Rosecrans* v. *Rosecrans*, 163 App. Div. 730, 732; affd., 220 N. Y. 628.) It follows by analogy that the extended right of inheritance between natural and foster children of the same parents, accorded by the new provisions of section 115 of the Domestic Relations Law, determines the devolutionery rights to and from adopted brothers and sisters of persons dying subsequent to April 9, 1938. (*Dodin* v. *Dodin* 16 App. Div. 42, 45; affd., 162 N. Y. 635.)

This fact, however, is far from solving the difficulties of this class of would-be contestants. There is no adequate proof in the record that any formal adoption of Lilla by Virgil Whitcomb ever occurred. It is true that she lived in his household, but this raises no necessary inference of the creation of any such relationship. (*Merchant* v. *White*, 77 App. Div. 539, 541; *Matter of Huyck*, 49 Misc. 391, 392.) The statements of Lilla herself are an insufficient basis upon which to predicate such a finding since she has not been shown by independent proof to have been related to Virgil's family by blood or affinity, which is one of the essential prerequisites to entitle her statements of pedigree to admissibility or weight. (*Aalholm* v. *People*, 211 N. Y. 406, 413; *Matter of Wood*, 164 Misc. 425, 434; *Matter of Wendel*, 146 id. 260, 266; *Matter of Whalen*, Id. 176, 190.)

Not only is positive proof of her status as an adopted child wanting, but also, although apprently unnoted by the litigants, two demonstrations of the present record tend to negative the existence of any such relationship. The first is the petition of Annie M. Whitcomb for letters of administration upon the estate of Virgil, the alleged foster father. In it she recites as his sole next of kin herself and his daughters Adele and the present decedent. If Lilla was his legally adopted daughter and was living at that time, she was also one of his next of kin and if she was dead her children occupied that status in her stead. (Laws of 1873, chap. 830, § 10, as amd. by Laws of 1887, chap. 703; Code Civ. Proc. § 2732, subd. 1, as added by Laws of 1893, chap. 686.) The statement of his widow that the named persons, which excluded Lilla and her branch of the family, were his only next of kin, was competent proof negativing the asserted fact that Lilla was his legally adopted daughter.

The second unnoted indication of the record adverse to the descendants of Lilla arises from her marriage certificate which was introduced into evidence by them. This shows that she was married

in 1865, which was eight years prior to the enactment of the first general statute of adoption in the State of New York (Laws of 1873, chap. 830.) This statute did not authorize the adoption of an adult, the first enactment making such an action permissible not having been passed until 1915 (Laws of 1915, chap. 352). It follows, therefore, that if the adoption was legally consummated immediately upon the enactment of the adoption statute in 1873 — the purported date of the alleged adoption is nowhere asserted in the record — and Lilla was at that time still an infant, and no adoption would have been valid unless she was, she cannot have been more than twelve or thirteen years of age at the time of her marriage in 1865. The probability of such an occurrence is too remote to be worthy of serious consideration.

On the composite demonstration, the conclusion is inevitable that Lilla was never the legally adopted child of Virgil Whitcomb, wherefore her descendants, Lilla Brown Hinds, Anna Marie Wheeler and Arthur A. Brown, bear no legal relationship to the present decedent and possess no status to object to the probate of her will. Their objections will accordingly be stricken from the record.

Enter order on notice in conformity herewith.