(27 Misc. Rep. 452.)

### LENNON v. BRADLEY & CURRIER CO. et al.

(Supreme Court, Special Term, New York County. May, 1899.)

1. TRUSTS—CREATION.

Plaintiff, who gave a mortgage to defendant, agreed that defendant should have immediate judgment of foreclosure; plaintiff to have the privilege of furnishing a purchaser who would bid enough to pay defendant's mortgage and prior liens, and of procuring a loan on the premises, subject to which defendant agreed to take a second mortgage. Plaintiff did not procure the purchaser or the loan, and the property was sold to defendant. *Held*, that a subsequent parol agreement that defendant would take title on the joint account of plaintiff and defendant,—plaintiff to receive payment in full through a future sale, and in some undefined way,— was too uncertain to destroy the rights vested by the written agreement and sale and impress the property with a trust in favor of plaintiff.

2. CONTRACTS—CONSIDERATION.

Such parol contract was without consideration, as it imposed no obligation on plaintiff.

Suit by Anna J. Lennon against the Bradley & Currier Company and Daniel Farrell. Complaint dismissed.

F. C. Griswold (Frederick Seymour, of counsel), for plaintiff.
Otis & Pressinger (A. E. Pressinger, of counsel), for defendants.

RUSSELL, J. An oral trust may be impressed upon real estate, against the trustee, when the proof is clear of its existence. Ryan v. Dox, 34 N. Y. 307; Stoddard v. Whiting, 46 N. Y. 627; Horn v. Keteltas, Id. 605; Wheeler v. Reynolds, 66 N. Y. 228; Canda v. Totten, 157 N. Y. 281, 287, 51 N. E. 989. But the oral agreement is forceless as a mere contract. Loss, through mistaken reliance on the good faith of the trustee, must consummate an injury, to justify an appeal for redress. Same cases. Nor is such a trust created where the transaction is a parol conditional sale. Fullerton v. McCurdy, 55 N. Y. 637. The defendant company held a mortgage of $13,500 against the plaintiff on premises at the northwest corner of St. Nicholas avenue and 112th street, New York City, subject to prior mortgages of over $100,000. Foreclosure action was brought, and a defense interposed, but an adjustment was made by a written stipulation for immediate judgment of foreclosure and sale, privilege to plaintiff of procuring a purchaser at the sale who would bid enough to pay the company's claim and all other prior liens and charges, and also within 20 days after the sale to find a lender who would advance $120,000 on the security of the premises, in which event the company would take an inferior mortgage, subject only to the loan of $120,000, payable in six months, secured by the bond of the purchaser and by the pledge of the rents towards the payment of interest on the first mortgage and redemption of the company mortgage, after deducting expenses of collection, and $100 per month to the husband of plaintiff for curator services. The sale was made November 17, 1898, to defendant Farrell, an employé of the company, for its benefit, and the deed delivered to him November 18, 1898. The plaintiff did not procure a purchaser at the sale, and did not obtain a lender within 20 days or since. Therefore the

title of the company is unembarrassed, save for a further claim now made by the plaintiff, which furnishes the foundation for the relief asked for by her, that a trust be impressed upon the premises in her favor, as continued owner, by force of an oral agreement, later than the written stipulation, under which the company, through its agent, should take the title upon the joint account of the plaintiff and the company; the latter to receive, through some future sale to be made by the plaintiff's husband, its pay in full, and the former the balance, with the power to the plaintiff, in aid of an advantageous sale, to place the $120,000 loan and pay the company in some undefined way. The plaintiff thus claims that her rights as the owner and mortgagor have flowed peacefully on, undisturbed by the stipulation, judgment, and sale, and asks for a receivership to pay the company as a mortgagee, and give her the balance on a sale through the judgment of this court, or for a reconveyance to her. The oral arrangement claimed is inefficacious to destroy the written agreement of the parties, the judgment, and record of sale. It is too incomplete and uncertain in marking the rights of the parties and the limits of their obligations. It was gratuitous, as the plaintiff was in default under the stipulation, and prior to the sale her husband-agent had confessed his inability to comply. No additional fixed obligation of the plaintiff arose from the agreement claimed. The company became the owner by the sale, and subsequent indulgence of possession or care taking did not destroy vested rights. Nor is this oral arrangement satisfactorily proven. The premises were worth from $140,000 to $160,000,—precarious security for a mortgage for $13,500, subject to prior ones of $120,000 and taxes and assessments. The company had power to bid in, and the plaintiff could not find a purchaser. She has made no tender or offer of indemnity. Leaving out the testimony of the more deeply-interested parties, the husband and Currier, that of Elkus, plaintiff's then attorney, and Pressinger, the company's attorney, negative emphatically the continued obligation of the company to accord the rights of an owner to plaintiff, or render the position of the company as a bidder for the actual ownership inferior or subordinate to that of plaintiff. Judgment dismissing complaint, with costs.

Complaint dismissed, with costs.