PERCIVAL C. SMITH, as Substituted Trustee under the Last Will and Testament of WILLIAM H. ALLEN, Deceased, Plaintiff, Respondent, v. FRANK ALLEN and SARAH F. M. GREENE, Defendants, Appellants, and CURTIS P. DAVIES, Executor, etc., et al., Defendants, Respondents.

1. ADOPTION OF CHILDREN— L. 1873, CH. 830 — L. 1887, CH. 703. An adoption, within the saving clause of chapter 830 of the Laws of 1873, as amended by chapter 703 of the Laws of 1887, relating to adoptions previously made, according to any method practiced in the state, is not shown, where it appears that the only written evidence of an adoption was an entry in a book kept by a charitable society, to the effect that a child was adopted by the testator, although he took her from the society and kept her in his home until her marriage, treating her in every respect as a daughter, and refers to her in his will as his adopted daughter.

2. WILL — VESTED REMAINDER. A vested, as distinguished from a contingent remainder, is created by a will, which bequeaths the income of the residue to the testator's wife for her life or until her remarriage, and after her remarriage or death devises and bequeaths the property to the persons who would succeed to and inherit the same, if the testator had died intestate, and to their heirs, executors, administrators and assigns forever.

*Smith* v. *Allen*, 32 App. Div. 375, affirmed.

(Argued December 15, 1899; decided January 9, 1900.)

APPEAL by the defendants, Sarah F. M. Greene and Frank Allen, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered October 15, 1898, which affirmed a judgment, construing the will of William H. Allen, deceased, entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a judicial construction of the will of William H. Allen, deceased.

The facts, so far as material, are stated in the opinion.

*George W. Carr* for Sarah Frances Mehan Greene, appellant. Adoption, or the act of adoption, is the act by which relations of paternity and affiliation are recognized as legally existing between persons not so related by nature. (*Morrison* v. *Sessions*, 70 Mich. 297; 1 Am. & Eng. Ency. of Law [2d

ed.], 724.) Conceding the interpretation of the 13th section of the act of 1873, placed upon it by this court to be correct, the adoption of Sarah Frances Mehan was, within that interpretation, an adoption according to a statutory provision — a legal adoption. The facts proved, the lapse of time and acquiescence of the parties, raise a conclusive presumption that there was an agreement to adopt Sarah Frances Mehan and give her his estate duly executed by Captain Allen, which the court, in the exercise of its equitable powers, is bound to enforce by decreeing the defendant Greene entitled to said estate. (*Gall* v. *Gall*, 29 Abb. [N. C.] 19; *Godine* v. *Kidd*, 29 Abb. [N. C.] 36; *Owings* v. *Speed*, .5 Wheat. 420; *Fletcher* v. *Fuller*, 100 U. S. 535; *King* v. *Inhabitants of Buckly*, 7 East, 45; *Lauderdale Peerage Cases*, L. R. [10 App. Cas.] 692.) The appellant is the lawfully adopted child of the testator, invested with the right to inherit from him, and should take his residuary estate under the eighth clause of his will. (*Dodin* v. *Dodin*, 16 App. Div. 42; *Johnson's Appeal*, 88 Penn. St. 346.)

*Edward P. Lyon* for Frank Allen, defendant, appellant and respondent. The gift is to a class, and that class is to be determined as of the period when distribution is to be made. Frank Allen, being the only member of that class not too remote to take under the Statute of Distributions, should take the whole residuary estate. (Code Civ. Pro. § 2732, subd. 12; *Clark* v. *Cammann*, 14 App. Div. 132; *Matter of Allen*, 151 N. Y. 248; *Thurber* v. *Chambers*, 66 N. Y. 43; *Campbell* v. *Stokes*, 142 N. Y. 29; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Teed* v. *Morton*, 60 N. Y. 506; *Delaney* v. *McCormack*, 88 N. Y. 174; *Vincent* v. *Newhouse*, 83 N. Y. 505; *Paget* v. *Melcher*, 156 N. Y. 399.) The scheme of the will itself shows that the testator intended the class to be determined as of the death of the life tenant; otherwise the life tenant falls within the class, and takes a fee in one-half, besides a life estate in the whole. (Schouler on Wills, § 466; 1 Redf. on Wills, 433; 2 Jarman

on Wills, 838 ; *Bowditch* v. *Ayrault*, 138 N. Y. 228.) Futurity is annexed to the substance of the gift. The testator having in his possession at the time when the will was made, both real and personal property, which he directs his executors to sell, the very substance of the gift was not to come into existence until the prescribed contingency. (*McGillies* v. *McGillies*, 154 N. Y. 532.) There can be no legal adoption without express statutory authority. (*Matter of Thorne*, 155 N. Y. 140 ; *Morrison* v. *Sessions*, 70 Mich. 279 ; *Ballard* v. *Ward*, 89 Penn. St. 358 ; *Abney* v. *De Loach*, 84 Ala. 393 ; *Carroll* v. *Collins*, 6 App. Div. 106.)

*Lucius H. Beers* for Franklin B. Lord and George Lord Day, as executors, etc., respondents. The defendant Sarah F. M. Greene is not entitled to share in the estate. (*Godine* v. *Kidd*, 29 Abb. [N. C.] 36 ; *Simmons* v. *Burrell*, 8 Misc. Rep. 403.) The next of kin of William H. Allen living at his death took vested interests in the whole of his residuary estate. (*Hersee* v. *Simpson*, 154 N. Y. 496 ; *Matter of Embree*, 9 App. Div. 602 ; *Nelson* v. *Russell*, 135 N. Y. 137 ; 1 R. S. 723, § 13 ; 773, § 2 ; *Smith* v. *Palmer*, 7 Hare, 225 ; *Goebel* v. *Wolf*, 113 N. Y. 405 ; *Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125 ; *Matter of Allen*, 151 N. Y. 243 ; *Weston* v. *Goodrich*, 12 App. Div. 250 ; *Matter of Crane*, 36 App. Div. 468 ; *Campbell* v. *Stokes*, 142 N. Y. 29.) The interest of Harriet H. White, a niece, and one of the five next of kin of the testator at the time of his death, being vested, could not be divested by her death before the period of distribution arrived. (*Campbell* v. *Stokes*, 142 N. Y. 29.) The representatives of the life tenant take no share in the residuary estate. (*Chester* v. *Phillips*, 36 L. T. Rep. 500.)

*Louis M. Fulton* for C. Edward Toucey et al., respondents. The defendant Sarah F. M. Greene was not legally adopted by the testator and is not entitled to any part of the residuary estate. (*Carroll* v. *Collins*, 6 App. Div. 106 ; *Matter of Thorne*, 155 N. Y. 140.) The five nieces and nephews of testator took vested interests in his residuary estate, subject to

the life estate in his widow Eliza F. Allen, and the appellant Frank Allen is not entitled to the whole of the residuary estate. (*Patterson* v. *Ellis*, 11 Wend. 259; *Bushnell* v. *Carpenter*, 92 N. Y. 270; *Sage* v. *Wheeler*, 3 App. Div. 38; *Stevenson* v. *Lesley*, 70 N. Y. 515; *Nelson* v. *Russell*, 135 N. Y. 137; *Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Seebeck*, 140 N. Y. 241; *Matter of Young*, 145 N. Y. 535; *Matter of Embree*, 9 App. Div. 602.)

*James E. Pearson* for Curtis P. Davies, individually and as executor, etc., respondent. The rule is well settled in this state that a remainder is not to be considered contingent in any case, where, consistently with the intention of the testator, it may be construed as being vested. (*Hersee* v. *Simpson*, 154 N. Y. 500; 2 Redf. on Wills, 593, § 64; *Nelson* v. *Russell*, 135 N. Y. 140; *Matter of Embree*, 9 App. Div. 602; *Campbell* v. *Rawdon*, 18 N. Y. 415.)

*Franklin Bien* for Emma J. Taylor, individually, and as executrix, respondent.

*Arnon L. Squiers* for Percival C. Smith, substituted trustee, etc., respondent.

HAIGHT, J.   William H. Allen died at his residence in the city of Brooklyn, on the eighteenth day of February, 1890, leaving a last will and testament dated February twenty-fifth, 1875, with a codicil thereto dated March fifth, 1879, which will and codicil have been admitted to probate in the county of Kings. The testator, after making certain specific bequests, including a legacy of ten thousand dollars to the appellant Greene, whom he describes as his adopted daughter, gave the income of all his residuary estate both real and personal to his widow during life, or until she should again marry, and then by the eighth clause of his will provided " all the rest, residue and remainder of my real and personal estate, if any, remaining after the death or remarriage of my said wife, and after the payment of all the legacies mentioned in this, my will, I give, devise and bequeath to such person or persons as would be

61

legally entitled to succeed to and inherit the same in case I died intestate, and to their heirs, executors, administrators and assigns forever." In the codicil he states that he has loaned to the husband of the appellant Greene upwards of ten thousand dollars, and he, therefore, revokes the bequest to her of that sum and authorizes his executors, at his decease, to cancel and discharge any indebtedness that may exist on behalf of the appellant's husband.

The testator died leaving him surviving a widow, the appellant Greene, and five nephews and nieces. His widow died on the fifteenth day of August, 1896, and of the five nephews and nieces, Frank Allen alone survives, the other four having died after the death of the testator and during the life of his widow.

Two questions are presented for review by the appeals in this case. Mrs. Greene claims to have been the adopted daughter of the testator, and as such to be his sole heir at law and next of kin and entitled to all of the residuary estate. It appears that Mrs. Greene was born in 1851; that she was placed in the Church Charity Foundation in 1856, and was subsequently taken therefrom by Mrs. Allen, the testator's wife. She continued thereafter to live with the testator in his family until her marriage and was treated in every respect as a daughter. The testator in both his will and codicil describes her as his adopted daughter, but it is not claimed that she was ever adopted by any instrument in writing, or that there is any written evidence of an adoption further than an entry in a book kept by the Church Charity Foundation, as follows : " Sarah Frances was adopted by Captain and Mrs. Allen." This, we think, is not sufficient to constitute an adoption under the statute of 1873, chapter 830, as amended by the Laws of 1887, chapter 703. This question we have recently had under consideration in *Matter of Thorne* (155 N. Y. 140), in which we distinctly held that the act of 1873, authorizing the adoption of children, referred " to those forms of adoption theretofore existing by virtue of special statutory enactments contained in the charters of charitable societies that received destitute and homeless children, and whose officers

were permitted to execute agreements of adoption on their behalf with suitable persons willing to assume the obligations of parents." And that the "legislature did not have in contemplation the legalizing of private agreements executed without authority of law and containing no safeguards or restrictions of any kind as to the transmission of property." This case disposes of the question adversely to the claim of Mrs. Greene, unless we enter upon a reconsideration of the question and overrule the decision in that case. This we are asked to do by her counsel, but he has failed to convince us that our former decision was erroneous or that equity would be promoted by the change.

The other question brought up for review arises upon the appeal of Frank Allen, who also claims the entire residuary estate by reason of his being the survivor of the testator's nephews and nieces. His contention is that the remainder was contingent and did not vest until after the death or remarriage of the testator's widow. Much has already been written upon this subject, but we do not deem it necessary to enter upon a review of the authorities, for, to our minds, there can be no doubt as to the intention of the testator. Were there persons in being at his death who were entitled to the estate on the termination of the life estate of the widow? Under the will he gave, devised and bequeathed "to such person or persons who would be legally entitled to succeed to and inherit the same in case he died intestate, and to their heirs, executors, administrators and assigns forever." Who would inherit in case he had died intestate? Surely his heirs at law and next of kin then in being. He not only gave the remainder to them, but he gave it to their heirs, executors, administrators and assigns. This clearly constituted a vested remainder under the statute.

The representatives of the widow have not appealed, and, consequently, no question is presented for review on their behalf.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.