(37 Misc. Rep. 376.)

MERCHANT et al. v. WHITE.

(Supreme Court, Trial Term, Broome County. March, 1902.)

1. SPECIFIC PERFORMANCE—CONTRACT TO ADOPT.

One M. insured his life in 1865, making the insurance payable to his wife, and, in case of her death, to his heirs at law. The wife died in 1887, and he died in 1900. In 1873 the father of one S., by an instrument under seal, granted to M. the custody of his daughter, then about 5 years, during minority, surrendering to him his rights as a father; his

wife in no way consenting to the transaction. At the age of 17 the girl ran away, and married without the consent of M., and thereafter lived apart from him. In an action to determine whether his brothers, as sole heirs, or said child, claiming as heir at law by adoption, were entitled to the fund, she testified to parol promises by M. to make her his heir. *Held*, that the evidence was insufficient to justify granting specific performance of alleged promises to adopt and to make said child his sole heir.

2. LIFE INSURANCE POLICY—BENEFICIARIES.

Under the evidence, the wife of M. had a vested interest in the policy upon its delivery, and, as she never consented to the adoption, that vested interest, which upon her death passed to the heirs at law of the assured, was not affected by such adoption.

Action by Joseph W. Merchant and others against Nettie M. White. Judgment for plaintiffs.

T. B. & L. M. Merchant, for plaintiffs.
H. D. Messenger, for defendant.

FORBES, J. This is an action to determine who is entitled to the fund arising out of an insurance policy (No. 10,029, dated April 8, 1865) issued by the Northwestern Mutual Life Insurance Company upon the life of Morris R. Merchant for $5,000, made payable, first, to Mary A. Merchant, his wife; and, in case of her decease before the death of Morris R. Merchant, the amount of said insurance is payable to his heirs at law. The plaintiffs Joseph W. Merchant and Hiram B. Merchant are brothers of the insured. Jenette J. Merchant is the assignee, and has been substituted to the rights of, Benjamin F. Merchant, who was also a brother of the insured. Mary A. Merchant, the beneficiary, died on the 11th day of November, 1887. Morris R. Merchant, the insured, died intestate on the 5th day of January, 1900. The policy of insurance was never in any manner changed, and no other individual beneficiary was ever substituted in the place or stead of Mary A. Merchant. The policy became a paid-up policy, and was in force, payable to the heirs at law of Morris R. Merchant, at the time of his death. The defendant, Nettie M. White, claims to be the legally adopted child of Morris R. Merchant, and she claims the right to the funds arising out of said insurance, as his heir at law, as the beneficiary under said policy. After the death of Morris R. Merchant, proofs of loss were duly filed, and such steps and proceedings were taken that the said insurance company became charged with the payment of the funds arising under their contract of insurance with said Merchant. An action was therefore commenced, first by the plaintiffs against the insurance company, upon said contract. An order was subsequently made, on the application of said defendant insurance company, to substitute Nettie M. White as the defendant in said action, for the purpose of settling the rights and equities between these parties. Merchant v. Insurance Co., 57 App. Div. 375, 68 N. Y. Supp. 406. The fund arising upon said policy was paid into court, under an order duly entered; and said fund, with the interest thereon, is now in the hands of the treasurer of Broome county, awaiting the determination of this action.

The defendant is the child of Melvin O. Smith and Margaret Smith. Margaret Smith died when the defendant was about five years old, leaving the defendant and two other children and her husband, Melvin O. Smith, her surviving. After the death of the defendant's mother, Melvin O. Smith moved to Wayne county, N. Y., and upon some terms or conditions the defendant went to live in the family of Morris R. Merchant. On the 30th day of January, 1873, the father of the defendant, under the name of M. O. Smith, executed, acknowledged, and delivered to Morris R. Merchant an instrument in writing which reads as follows, viz.:

"Know all men by these presents that, in consideration of one dollar to me paid, I, Melvin O. Smith, do hereby grant and convey to Morris R. Merchant of De Ruyter, in the county of Madison and state of New York, the custody, tuition, and services of my infant daughter, Nettie May Smith, during the full term of her minority, and until she shall arrive at the age of twenty-one years; hereby giving and granting to said Merchant all the rights and powers vested in me as father during said term; and I hereby authorize said Merchant, at his option, to change the last name of said Nettie so that she may be hereafter known as Nettie May Merchant. Witness my hand and seal this thirtieth day of January, in the year of our Lord one thousand eight hundred and seventy-three.     "M. O. Smith. [L. S.]

"Signed and sealed in the presence of B. V. Ellis, and acknowledged on the same day before B. V. Ellis, a justice of the peace, Wayne Co., N. Y."

It will be seen that Mary A. Merchant did not join in any agreement for, nor did she give her consent to, the adoption of the defendant, as required by Laws 1873, c. 830, passed June 25, 1873, as amended by Laws 1887, c. 703, passed June 25, 1887. Smith v. Allen, 161 N. Y. 478, 55 N. E. 1056; Von Beck v. Thomsen, 44 App. Div. 373, 60 N. Y. Supp. 1094, affirmed in 167 N. Y. 601, 60 N. E. 1121. Morris R. Merchant did not execute such an agreement with Smith. It was only a release of the custody and the services of the defendant to Merchant.

On the trial of this action it was sought to be shown that Morris R. Merchant entered into a parol agreement with Margaret Smith to adopt said child as his heir, and to treat her in all respects as his own child. The parol agreement is seriously in conflict with the written instrument put in evidence by the defendant. The parol evidence of the declarations of Morris R. Merchant on the trial is nearly evenly balanced between his alleged agreement with M. O. Smith to make the child his heir, under the written instrument, defendant's Exhibit 1, and his alleged parol agreement with defendant's mother. The agreement was only contingent,—never consummated. On the part of the defendant it is now sought to enforce said alleged parol agreement as the contract for the adoption of said defendant, and defendant asks for a specific performance of that contract. Can the written instrument be modified by parol evidence? Hill v. Blake, 97 N. Y. 216; Littlejohn v. Shaw, 159 N. Y. 188, 53 N. E. 810; Browne v. Paterson, 165 N. Y. 460, 59 N. E. 296. In actions for the enforcement of parol contracts, in equity, it is undoubtedly the rule of law that, before the enforcement of such a contract will be decreed by a court of equity, it must appear affirmatively, and by the clearest evidence, that it was founded upon an adequate consideration, that it

is certain and definite in all its parts, and that it is in no wise unjust to innocent third parties, nor contrary to public policy.　Lennon v. Bradley & Currier Co., 27 Misc. Rep. 452, 59 N. Y. Supp. 277; Gall v. Gall, 64 Hun, 600, 19 N. Y. Supp. 332, affirmed in 138 N. Y. 675, 34 N. E. 515; Healy v. Healy, 55 App. Div. 315, 66 N. Y. Supp. 927; Canda v. Totten, 157 N. Y. 281, 51 N. E. 989; Winne v. Winne, 166 N. Y. 263, 59 N. E. 832.　The parol evidence given on the trial is so meager, contradictory, and indecisive of what the contract in fact was, and so violently disputes the written instrument upon which the father of the defendant turned over to said Merchant the custody of the defendant, that it is extremely doubtful whether a court of equity ought to enforce the alleged parol contract, since to do so would be to tear down and destroy the written instrument conceded to have been made by the defendant's father.　Hill v. Nye, 17 Hun, 457; Hill v. Blake, supra; Carroll v. Collins, 6 App. Div. 106, 40 N. Y. Supp. 54; Smith v. Allen, 161 N. Y. 478, 55 N. E. 1056, affirming 32 App. Div. 374, 53 N. Y. Supp. 114.　The case of Smith v. Allen, supra, is much stronger in its equities than the case at bar. The adoption of children was unknown to the common law of England, and exists in this country only by virtue of the statute. In re Thorne's Will, 155 N. Y. 140, 49 N. E. 661.　It is very doubtful whether the provisions of the statute ought to be extended where the rights of other innocent parties must or may suffer by a more liberal interpretation.

I think there is another serious objection to the enforcement of the alleged parol adoption.　There is no pretense that Mary A. Merchant had any part or lot, or ever acquiesced, in the adoption of the defendant, so as to in any manner conflict with her rights as the beneficiary under the contract of insurance.　Mary A. Merchant had one child by a former husband.　He was her heir at law.　The insurance was undoubtedly originally secured for the benefit of Mrs. Merchant, Morris R. Merchant having no children of his own.　It is quite impossible to assume, from her relations with Morris R. Merchant, that the defendant supposed herself to be entitled to the fund to become due upon this policy.　It is unquestionably true that she was clothed, cared for, and educated by said Morris R. Merchant; and, while she must have known of the instrument in writing, defendant's Exhibit 1, which she produced in court and put in evidence upon the trial, at the age of 17 years she deliberately ran away from home, married without the consent of her alleged foster father, and has almost continuously lived apart from him since.　While if the evidence in this case satisfied me that the contract of adoption alleged in the answer was actually made, and the circumstances justified the turning over of this insurance to the defendant as her own, I might be inclined to do so, yet the defendant herself has so treated the alleged contract as to show that she was convinced of the justice of devoting its use to the care and maintenance of the insured during his life, without seeming to be overanxious for his welfare, or willingly taking upon herself the burden of his maintenance and support when he became old and helpless, and so sorely in need of a daughter's love, sympathy, and care.　Nor am I satisfied that, from the terms and conditions of the policy itself, the

insured ever regarded himself anything more than merely an agent for his wife and his heirs in perfecting and continuing said insurance. I am inclined to think that Mary A. Merchant acquired a vested interest in the policy at the moment of its delivery to the insured, that he so regarded it and treated it himself, and that by the terms of the policy a vested interest passed on the death of his wife to his heirs at law and next of kin. Whitehead v. Insurance Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787; Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651. The evidence does not disclose any attempt on the part of the insured to change the form of the payment of the policy, nor to devote it to his own support and maintenance. Again, after the death of his wife, had he so desired it, and understood that the defendant was his adopted child, he could readily have secured her substitution as the beneficiary under the insurance contract, and thus have placed beyond cavil or dispute the question of the fund arising under said contract. This he did not attempt, nor is there any suggestion or excuse given for his living in poverty and destitution during his last years. If this insurance was a valid obligation to defendant, he could have had no other view than that the policy was vested in his heirs, whether or not they had any knowledge before his death of its existence. It is questionable whether he had any right or authority, without the assent of the beneficiary, to change or surrender the policy. Whitehead v. Insurance Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787; Ferdon v. Canfield, 104 N. Y. 143, 10 N. E. 146; Walsh v. Insurance Co., 133 N. Y. 408, 31 N. E. 228, 28 Am. St. Rep. 651; Cyrenius v. Insurance Co., 145 N. Y. 576, 40 N. E. 225.

I am impressed with the belief that it would be a serious mistake to hold that in the case at bar the evidence warrants the declaration by the court of a specific performance of the alleged parol agreement to adopt the defendant as the heir of the insured. Judgment is therefore ordered in favor of the plaintiffs, to the full extent of the fund deposited in court; but I think, under the circumstances of this case, it should be without costs to either party.

Judgment for plaintiffs, without costs.