In the Matter of the Application to Abrogate the Adoption of CHARLES PIERRO.

Surrrogate's Court, Kings County, January 26, 1940.

*David R. Haber,* for Charles Pierro, petitioner.

*Nicholas Laicato,* for Annie Pierro, respondent.

WINGATE, S. This is a proceeding by a foster child, now approximately thirty years of age, to secure the abrogation of his adoption, which was consummated pursuant to an order of the County Court of the county of Kings, on December 1, 1916.

Various issues on the merits are raised by the petition and the voluminous answering affidavits respecting the character and conduct of the respondent, which issues would be necessary of trial before any determination as to the propriety of grant of the desired relief could be made. Underlying these issues, however, and necessary of preliminary decision, is the question of whether or not this court possesses jurisdiction to grant the relief sought. This is strongly challenged and appears to be a question of first impression under the amended article relating to adoption which was enacted by chapter 606 of the Laws of 1938.

The relevant provision of the new statute is section 117 of the Domestic Relations Law, which treats of " Abrogation by or on behalf of a foster child." So far as presently material, this reads: " Any foster child who has been adopted in pursuance of this article or of any act repealed hereby * * * may make an application to a judge or surrogate *of the court in which the original adoption took place* for the abrogation of such adoption * * *. *Such judge* or surrogate shall have power to order or compel the production of such foster child. If on the proofs made *before him* on the hearing of such application the judge or surrogate shall determine that any of the grounds for such application exists * * * an order abrogating the adoption shall be made. Thereupon the status of such foster child shall be the same as if no proceeding had been had for the adoption thereof." (Italics supplied.)

It is a familiar fact that adoption was unknown at common law and that the subject is wholly governed, and strictly limited, by statute. (*Matter of Thorne,* 155 N. Y. 140, 143; *Matter of MacRae,* 189 id. 142, 143; *Matter of Ziegler,* 82 Misc. 346, 350; affd., 161 App. Div. 589; *Matter of Davis,* 142 Misc. 681, 688; *Matter of Cohen,* 155 id. 202, 205.)

The effect of an adoption is, in substance, to give the foster child the status of a natural child of the adoptive parents (Dom. Rel. Law, § 115; *Carpenter* v. *Buffalo General Electric Company,* 213 N. Y. 101, 108; *Matter of Cook,* 187 id. 253, 260; *Rosekrans* v. *Rosekrans,* 163 App. Div. 730, 732; *United States Trust Co.* v. *Hoyt,* 150 id. 621; *Matter of Marsh,* 143 Misc. 609, 613; *Matter of Guilmartin,* 156 id. 699, 702), and to make it a stranger to its

natural parents so far as any legal obligations are concerned. (*Betz v. Horr*, 276 N. Y. 83, 89; *Gross v. Gross*, 110 Misc. 278, 279.)

By reason of the enactment contained in the final sentence of section 117 of the Domestic Relations Law, above quoted, which provides that upon the entry of an order abrogating an adoption " the status of such foster child shall be the same as if no proceeding had been had for the adoption thereof," a proceeding for abrogation is a substantial equivalent of one for adoption in reverse, producing the effect of establishing the status of the adopted person as the child of his natural parents to whom, at the moment before the entry of the order, he bore no legal relationship whatsoever.

This fact renders it obvious that the statutory requirements respecting the tribunals to which resort may be had, and the methods of procedure specified, for an abrogation, are as essential of strict observance as those which are enumerated respecting an adoption in the first instance. It is a familiar fact that in the latter regard, exact compliance with the statute is invariably deemed imperative. (*Matter of Marks*, 159 Misc. 348, 350; *Matter of Bamber*, 147 id. 712, 714; *Matter of Cohen*, 155 id. 202, 205; *Murphy v. Brooks*, 120 id. 704, 705; *Matter of Monroe*, 132 id. 279, 281.)

The opportunity to alter one's family status is a privilege and not a right. It may be given or withheld by the Legislature either absolutely or conditionally at its pleasure, and a denial thereof or its grant upon conditions which are difficult or impossible of compliance would not constitute an impairment of any inherent right of any person whomsoever.

Under the existing statute a potential right in this regard is accorded, but a condition is imposed that its prosecution is permissible only before " a judge or surrogate of the court in which the original adoption took place." In the present instance this was the County Court of this county, wherefore, under the statute, this court is accorded no more authority to pass upon the question than it possesses to entertain a proceeding for the construction of a will which has been probated in the Surrogate's Court of another county. (Surr. Ct. Act, § 40, subd. 8.)

The present proceeding is dismissed for want of jurisdiction to entertain it.

Enter decree on notice in conformity herewith.