In the Matter of the Adoption of RAYMOND E. MARTIN, JR., an Infant.

WILLIAM H. BEHRER, JR., Appellant; RAYMOND E. MARTIN, SR., Respondent.

Second Department, June 25, 1945.

*James G. Moore* for appellant.

*Harry W. Moore* for respondent.

CLOSE, P. J.  This is a proceeding brought to vacate an order of adoption of an infant under fourteen years of age.

The child, Raymond Edwin Martin, Jr., was born in 1934, the issue of the marriage of Raymond Edwin Martin, Sr., and his wife, Florence H. Martin.  Thereafter in 1938 Florence H. Martin secured a divorce in Reno, Nevada, and the same year married the petitioner-appellant.  Respondent married again in 1938, his second wife being Jean W. Martin.  In December, 1941, Raymond Martin, Sr., was about to go to Iraq.  He

executed a general power of attorney, appointing his wife as his attorney-in-fact, giving her full power and authority to act in his place and stead in all matters and things over which he had power. Thereafter this power of attorney was filed in the Surrogate's Court of Nassau County. In 1942 the appellant presented a petition to the Surrogate's Court of Suffolk County seeking to adopt the infant, Raymond Martin, Jr. The petition recited the facts substantially as summarized herein and stated that the father of the child was absent from the United States and that his wife, Jean W. Martin, was a resident of the State of California; that she had both personally and as attorney-in-fact of her husband, Raymond Martin, Sr., consented to the adoption, and such consent, together with the consent of the petitioner's wife, was attached to the petition. The petition was granted by an order dated June 3, 1942. By petition dated March 24, 1944, the appellant sought an order opening, vacating, and setting aside the order of adoption upon the ground that the court was without jurisdiction to grant the same. The grounds urged for the alleged lack of jurisdiction were that Raymond Martin, Sr., did not appear personally before the Surrogate and that his alleged consent was defective. It was also urged that the petition did not comply with section 112 of the Domestic Relations Law in that the infant had not resided with the petitioner for six months last past and the order of adoption did not dispense with that requirement. Respondent answered and alleged that his consent to the adoption proceeding was sufficient and that, in any event, the petitioner-appellant was estopped from questioning the jurisdiction of the court. Upon the hearing a motion was made by respondent to amend the order of adoption by inserting therein a recital to the effect that the court dispensed with the six months' period of residence for the reason that the child's mother was married to the petitioner. The motion was granted and a resettled order was entered containing such a recital. The petition to vacate the adoption was dismissed and petitioner appeals from both the order resettling the order of adoption and the decree dismissing his petition.

The order resettling the original order of adoption is valid. It is apparent that the court had originally dispensed with the residence period required by subdivision 7 of section 112 of the Domestic Relations Law in the exercise of his discretion because of the factual situation involved. The omission of the recital was a mere irregularity. The inclusion of such a recital in the resettled order was proper under the circumstances.

Without deciding the other objections raised by the appellant, we are of the opinion that appellant is estopped from questioning the jurisdiction of the court. It is not disputed that the court had jurisdiction of the subject matter. Petitioner will not now be heard to question the appearance and consent of the natural father which. he, the petitioner, presented to the court.

Prior to an amendment to the Domestic Relations Law made in 1938, this court had decided that a proceeding for adoption was not a judicial proceeding; that, when the Surrogate gave his consent to an adoption proceeding, he acted in an administrative and not in a judicial capacity and the consent signed by the Surrogate was not in any sense a decree or order of the Surrogate's Court; that the only judicial determination that the Surrogate made is that the adoption would promote the moral and temporal interests of the person to be adopted. (*Stevens* v. *Halstead,* 181 App. Div. 198.) In such circumstances, of course, the foster parent would not be estopped from attacking the regularity of the adoption. (*Murphy* v. *Brooks,* 120 Misc. 704.)

However, by chapter 606 of the Laws of 1938, a new article VII (Adoption) was added to the Domestic Relations Law and the old article was repealed. By the present section 110 of the Domestic Relations Law it is provided that: " A proceeding conducted in pursuance of this article shall constitute a judicial proceeding. An order of adoption  *  *  *  made therein by a surrogate  *  *  *  shall have the force and effect of and shall be entitled to all the presumptions attaching to a judgment rendered by a court of general jurisdiction in a common law action."

The general rule is that where a person invokes the jurisdiction of a court, he will not be heard to repudiate the judgment which that court entered upon his seeking and in his favor. (*Krause* v. *Krause,* 282 N. Y. 355, 357.) That is especially so where, as in the instant case, the foster father submitted the consent of the natural father, signed by the natural father's agent pursuant to the duly executed power of attorney, as a proper consent and duly acknowledged. His position now is inconsistent with the decree of adoption he obtained. The action which he seeks to take is contrary to the object he achieved by the decree of adoption. In such circumstances, appellant is estopped from challenging the original adoption decree.

Although research discloses no case in this State where estoppel was invoked against a foster father who had obtained a decree of adoption, there are many cases in other States to that effect. (See *Kenning* v. *Reichel*, 148 Minn. 433; *Gray* v. *Gardner*, 81 Me. 554; *Van Matre* v. *Sankey et al.*, 148 Ill. 536; *Estate of McKeag*, 141 Cal. 403; *Appeal of Wolf*, 10 Sadler [Pa.] 139; *Bird et al.* v. *Young*, 56 Ohio St. 210; *Coleman* v. *Coleman*, 81 Ark. 7; *Parsons* v. *Parsons*, 101 Wis. 76; *Nugent* v. *Powell*, 4 Wyo. 173; *Sewall* v. *Roberts*, 115 Mass. 262.)

The decree and order should be affirmed, with costs.

HAGARTY, JOHNSTON, LEWIS and ALDRICH, JJ., concur.

Decree of the Surrogate's Court of Suffolk County, and order, unanimously affirmed, with costs.