In the Matter of the Adoption of DOLORES M. ODDO, an Infant.

Surrogate's Court, Erie County, January 31, 1946.

*Gordon Gannon* for petitioner.

VANDERMEULEN, S. By a petition verified the 16th day of January, 1942, and filed in this court, February 10, 1942, Harold D. Martin prayed for an order approving and allowing a proposed adoption of an infant, Dolores M. Oddo. Dolores was the child of Frank J. and Jessie N. Oddo, then of the age of twelve years, having been born on the 28th day of October, 1929. The parents had been parties to an annulment action in which an interlocutory decree was granted and entered the 21st day of February, 1935. This decree granted custody of the child to the mother, Jessie N. Oddo, with rights of visitation to the father.

The verified petition for adoption alleged that the consent of Frank J. Oddo was not obtained because he had abandoned his child, that he had not contributed to the support of his child for the last seven years, that he had made no attempt to see or contact the child for the same period, that the natural mother did not know where he was or where he worked, and that he had not contacted either the mother or the child for a period of some seven years nor had he sent any money or clothing for the support or maintenance of the child for the same period. No notice of the proposed application for adoption was given to Frank J. Oddo, the natural father of the child. On February 10, 1942, the order of adoption was duly granted.

The infant, Dolores M. Oddo, who has now reached the age of sixteen years, petitions this court for an order to set aside the adoption and place the parties in the same position that they occupied prior to the adoption. In effect, the application is to vacate the order of adoption. The basis of the present application is that in the original proceeding no consent was secured from Frank J. Oddo, the natural father; no notice, actual or constructive, was given to him; and that adequate proof was not given to establish the claimed abandonment.

Harold D. Martin, the foster father of the infant, who was the petitioner in the original adoption proceeding, joins in the application for a vacation of the order of adoption and consents to an order being entered to set aside the adoption decree, as does Jessie Martin, the natural mother of the infant.

The Domestic Relations Law requires the consent of the natural parent, unless such parent has abandoned the child, and further provides that notice to a parent in such case may be required if the judge or surrogate so orders (Domestic Relations Law, § 111). The statute contains no express provision requiring the giving of notice to a parent who was claimed to have abandoned the child and has not consented to the adoption. (*Matter of Livingston,* 151 App. Div. 1; *People ex rel. Lentino* v. *Feser,* 195 App. Div. 90.)

All the facts required by section 112 of the Domestic Relations Law were set forth in the petition and the requirements of the statute fulfilled, including an investigation by the investigator of this court. From the report of the investigation the surrogate was satisfied that the moral and temporal interest of the foster child would be promoted by the adoption.

No notice, actual or constructive, having been given to the natural father of the child, the claim of abandonment and the order based thereon are open to attack by him. The natural

parent cannot be excluded on an ex parte determination. (*Matter of Livingston, supra; People ex rel. Lentino* v. *Feser, supra.*)

Harold D. Martin, the foster father, instituted the original proceeding for adoption and the natural mother consented to the same. Both are estopped from questioning the validity of the adoption. (*Matter of Martin,* 269 App. Div. 437.)

Has the petitioner, the adopted child, the right to challenge the original order and obtain its vacation? It appears to me that inasmuch as the child having been under the age of fourteen when the adoption order was granted, and there is no requirement by statute for her consent to the adoption, she cannot be a party and particularly an instituting party in a proceeding to vacate an order of adoption involving a failure of notice, actual or constructive, to a natural parent or a failure of proof of abandonment by said parent.

This court has been unable to find a direct authority in this State on the particular point involved in this matter. There is an expression, however, to the effect that an adopted child could not question the validity of an adoption proceeding on the ground that the natural parent did not have notice of a claim of abandonment in *Schlitz* v. *Roenitz* (86 Wis. 31) which was cited with approval in this State (*Matter of Livingston,* 151 App. Div. 1, 5, *supra*).

It has also been stated that heirs may not have the right to rely on defects in the adoption although it may be void as against the natural parents. (1 Schouler on Marriage, Divorce, Separation and Domestic Relations [6th ed.], § 734.) The right of the natural father to challenge the adoption is a personal right which may not be exercised by others.

At the time of the granting of the original order, it was decided by the Surrogate from the facts and the result of the investigation that it was best for the child's welfare to grant the adoption. If things have occurred since that time which render the relationship, established by the order of adoption, inimical to the best interest and the welfare of the child, and circumstances are such as to justify the dissolution of the established relationship of parent and child, section 117 of the Domestic Relations Law provides the procedure and the remedy which may be sought by the child in what is known as a proceeding for abrogation of an adoption.

The application is denied.