John D. Bennett, S.
This is an application by the natural mother of an infant (hereinafter referred to as the petitioner) to set aside an order of adoption made by this court on January 20, 1959.
By order to show cause granted March 25,1959, the petitioner sought access to the papers in the adoption proceeding, which access was granted to her and her attorney.
Subsequently, by order to show cause granted May 4, 1959, the petitioner sought to vacate the order of adoption. The foster mother, by affidavit submitted in reply, requested a dismissal of the application on the grounds of its insufficiency as a matter of law. However the foster parents (hereinafter referred to as the respondents) later agreed that a hearing was necessary on the jurisdictional question raised by petitioner, that the foster parents were not residents of Nassau County at the time of the adoption. At a preliminary hearing on this *1032 issue, the respondents established conclusively that the foster parents were residents of Nassau 'County for the purpose of the adoption proceeding in accordance with the statute, by the testimony of postal authorities, tradesmen and disinterested neighbors, and the court so found in its decision of August 7, 1959.
By decision dated September 25, 1959, the court granted petitioner’s motion to serve a supplemental petition, and denied the application by respondents to dismiss the petition as insufficient. While, as the court pointed out in a later decision involving a corrective motion made by respondents addressed to the petitioner’s pleadings, the petition and supplemental petition were replete with 11 unnecessary, irrelevant and conclusory statements ’ ’, the court refused to dismiss the petition, but determined that the charges of gross impropriety and possible criminal conduct required a full exploration of the situation to establish, if- possible, what in fact had occurred.
After the dismissal of the petition and supplemental petition with leave to file an amended petition, as a result of the corrective motion made by respondents, the proceedings were further complicated by the petitioner’s discharge of her attorney, and by her insistence upon her right to act as her own counsel. The paper .she prepared as an amended petition was dismissed by this court in a decision of March 16, 1960, in which the court called the attention of the petitioner to the difficulties involved when a layman attempts to prepare a legal pleading, and suggested that she reconsider her decision to act as her own attorney.
Following this decision the petitioner elected to withdraw all of the charges of impropriety allegedly attached to the order of adoption except one, and re-engaged the attorney who had previously represented her. The one remaining charge was that the court lacked jurisdiction because the petitioner’s husband had failed to consent to the adoption, and the affidavit dated December 17, 1958 in the file purporting to be made by her husband was in fact a forgery.
A hearing on this remaining issue has been held and the petitioner’s case concluded. The respondents have at this point moved to dismiss the application on the merits.
The facts adduced at the hearing are not at all in petitioner’s favor. It is alleged in her former pleading’s and she testified that the child involved in this adoption is not her husband’s child, but that of another man. The putative father has been made a party to this proceeding and at one point appeared by counsel. Petitioner’s husband has also testified that the child *1033 is not his. While the court is aware that testimony of the petitioner and her husband is not competent to prove illegitimacy of the child, the testimony does have a bearing on the question of estoppel of those persons and was admitted for that purpose.
After its birth, the child was put out for adoption by the petitioner. The foster parents, then represented by other counsel, proceeded to effectuate the adoption. The then attorney for the respondents prepared an affidavit for the petitioner’s husband to sign, and gave the same to petitioner in order to secure her husband’s signature. She took it to her husband who refused to sign the same until he could secure legal advice as to what effect the signing of such an affidavit might have, although all the statements contained therein as to nonpaternity and his renunciation of any interest in the child were true at that tim§ (as he now testifies), The petitioner, upon his conditional refusal to sign, left with the unsigned paper and according to her testimony, redelivered it to the attorney who said he would take care of the matter. Not until she was granted access to the file does she state she discovered the actual fact of the alleged forgery. Quite a different sequence of events is described by the attorney who, called by the petitioner, stated a signature appeared on the affidavit when it was redelivered to him, and that petitioner stated the signature to be her husband’s. The attorney admits that he improperly notarized the affidavit because of petitioner’s insistent pleas. The foster parents were no parties to this transaction, nor did they know at any time that there was anything irregular about the purported affidavit of the petitioner’s husband. Petitioner now seeks to set aside the adoption, based upon an alleged forgery of which, according to the testimony of her own witness, she most certainly must have had knowledge.
Aside from the obvious injustice of the petitioner’s position, there are many legal grounds on which the motion to dismiss on the merits must be granted.
Assuming that there is failure in obtaining the husband’s consent to the adoption, who can question the validity of the adoption proceeding? In Matter of Oddo (186 Misc. 359, 361) the court said: ‘ ‘ The right of the natural father to challenge the adoption is a personal right which may not be exercised by others.” The husband here unquestionably does not seek to challenge the validity of the adoption. He repeatedly stated he had no interest whatsoever in the child. The only one who seeks to set aside the adoption is the petitioner and she has already consented to the adoption, actively sought its procurement. and conspired in the production before this court of an *1034 alleged spurious affidavit. She is effectively estopped from attacking this adoption (Matter of Martin, 269 App. Div. 437).
Again assuming that the husband’s affidavit of December 17, 1958 is a forgery, nevertheless his consent to the adoption may be dispensed with if he has abandoned the child (Domestic Relations Law, § 111). It is no objection that the question of abandonment was not litigated in the adoption proceeding proper since the court now, on the evidence before it, can make such a determination (People ex rel. Pickle v. Pickle, 215 App. Div. 38; People ex rel. Lentino v. Feser, 195 App. Div. 90). There is here more than sufficient evidence to demonstrate the husband’s abandonment of the child. Not only has he never supported the child, but has disclaimed any interest whatsoever in her. He had no basic opposition to the adoption, and in effect consented to it although he did not physically sign the affidavit offered to him by petitioner (see People ex rel. Lentino v. Feser, supra; People ex rel. Catholic Charities of Buffalo v. Hagstotz, 117 N. Y. S. 2d 818).
Finally, assuming the truth of the statements made by petitioner in the adoption proceeding and in her testimony that her husband is not the father of the child, and further assuming that such facts were proved by competent evidence, then there would be no need for the husband’s consent in any event (Matter of Marino, 168 Misc. 158).
Since there is no allegation or proof that the foster parents had any knowledge of the irregularity of the consent filed, the adoption order cannot be vacated as to them (McGaffin v. Family & Children’s Service of Albany, 7 A D 2d 769). In the same case, in the opinion of the Supreme Court, Albany County, Justice Booksteiu said: ‘ ‘ There was no legal duty on the part of defendant to ascertain if plaintiff’s surrender was a voluntary act. It had a right to rely on her act in signing the surrender agreement, as being voluntary.” (6 Misc 2d 776, 778.) Here the foster parents had a right to rely on the consent of the husband of the petitioner as being genuine.
The court, therefore, grants the motion of the respondents to dismiss the application of the petitioner to vacate and set aside the order of adoption here, on the merits, upon all of the evidence submitted on the petitioner’s case.
It has been the practice of this court to impose no costs, in its discretion, upon a mother making an honest attempt to regain her child, however mistaken her ideas might be about her rights. The present application is not in that category, but is a bold attempt to upset an adoption on the basis of an alleged forged affidavit in the procurement of which the petitioner has been *1035 implicated by the testimony of her own witness. Such irresponsible conduct has made necessary a long series of motions, examinations before trial, and hearings. Under such circumstances the petitioner should be compelled to pay the costs and disbursements resulting from her unwarranted and unsubstantiated accusations, and to some extent repay the foster parents for being subjected to such interference and difficulties. Costs and disbursements are awarded the respondents against the petitioner personally, to be taxed and included in the order to be submitted herein, on notice, dismissing the application on the merits.