J. Maynard Jones, S.
In these proceedings, the foster father, hereinafter referred to as the petitioner, seeks orders of this court to vacate and set aside the orders of adoption of two infants made by this court on November 4,1966, on the grounds that the Surrogate was without jurisdiction to grant the same. There seems to be little or no dispute of the facts.
The petitioner and the foster mother, hereinafter referred to as the respondent, were married August 27, 1966. The respondent was the natural mother of two girls born to her out of wedlock July 13, 1961 and January 10, 1963. On September 26, 1966, the petitioner and respondent appeared before this court and presented petitions for the adoption of respondent’s two daughters, alleging the children had resided with both petitioner and respondent since their marriage. None of the papers presented at that time contained any request that the court dispense with the required six months’ residence of the children with the foster parents (as required by Domestic Relations Law, § 112, subd. 4), or that the court shorten the six months’ waiting period (as required by Domestic Relations Law, § 116, subd. 1) from the time of the presentation of the petitions for adoption and the entry of the final orders.
The court ordered investigations made and the reports of such were filed on October 31,1966. On November 4,1966, orders *891 were entered granting the adoption of each infant, without any reference therein to the dispensation of the residency or waiting period requirements.
Adoptions were unknown at the English common law and the proceedings for such are wholly governed and strictly limited by statute (Matter of Thorne, 155 N. Y. 140, 143; Matter of Pierro, 173 Misc. 123, 124). The statutory limitations involved in these proceedings are stated in subdivision 4 of section 112 of the Domestic Relations Law (made to apply to private placement adoptions by § 115, subd. 1):
‘1 the following requirements shall be observed:
6Í ^ *
“ 4. Where the foster child is less than eighteen years of age, no order of adoption shall be made until such child has resided with the foster parents for at least six months unless the judge or surrogate in his discretion shall dispense with such period of residence and shall recite in the order the reason for such action.”
Subdivision 1 of section 116 of the Domestic Relations Law states: “1. When the foster child is less than eighteen years of age, no order of adoption shall be made until six months after the court shall have received the petition to adopt, except where the spouse of the foster parent is the natural parent of the child and the child has resided with the natural parent and foster parent for more than six months, such waiting period shall not be required. The judge or surrogate may shorten such waiting period for good cause shown, and, in such case the order of adoption shall recite the reason for such action. The six months residence period specified in section one hundred twelve of title two of this article and the six months waiting period provided in this subdivision may run concurrently in whole or in part.”
By section 114 of the Domestic Relations Law, the “ judge or surrogate of the court in which the order of adoption was made may open, vacate or set aside such order of adoption for fraud, newly discovered evidence or other sufficient cause ” in the same manner as courts of general jurisdiction exercise such powers. Under this authority, the petitioner seeks to have this court vacate the orders of adoption, maintaining that the court was without jurisdiction to enter orders prior to March 26,1967, that date being six months from the time of presentation of the petitions. He also contends the required six months’ residence of the children with the foster parents could not have been completed until February 27, 1967 and that such requirement was jurisdictional. The respondent claims such noncompliance as to the residency period was held to be a mere irregularity in the *892 Matter of Martin (269 App. Div. 437, 439). In that matter the Surrogate on a motion to amend an order of adoption so as to insert a recital to the effect that the court had dispensed with the six months’ period of residence, granted the same and resettled the order to contain such recital. The appellate court held that such resettlement was valid, alleging that it was apparent that the court had dispensed with the residence requirement but had simply omitted the recital in its order. It was the omission of this recital that was held to be a mere irregularity. Matter of Martin is not controlling in the case at hand, since none of the papers before the court requested the dispensation of the residency period or the shortening of the waiting period and no reasons for the same were ever given to the court. In the Martin case, it may be presumed that the request was made to the Surrogate for dispensing with the six months’ residence requirement and the reason given for the same was the fact that the child’s mother was married to the petitioner. The fact that the petitioner, in this case, is the spouse of the natural mother is not sufficient reason or good cause for shortening the waiting period, pursuant to section 116 of the Domestic Relations Law. That section clearly provides a waiting period in such case unless the child has resided with the foster parents six months. While the court obtained jurisdiction to entertain the proceedings for the adoptions, it lacked jurisdiction to enter the orders of adoption on November 4, 1966.
The motion made by the guardian ad litem herein to resettle the adoption orders so as to include the dispensation of the waiting period and the residency requirement, and to insert therein, the good reasons therefor, must be denied. This motion in effect, would change an order nunc pro tunc. ‘ ‘‘ While a court may record an existing fact nunc pro tunc, it cannot record a fact as of a prior date when it did not then exist. ’ ” (Cornell v. Cornell 7 N Y 2d 164, 168.) This court originally did not consider ' shortening the waiting period or dispensing with the residence period. It would be an error at this time to presuppose that the court made such a determination at the time of the entry of the orders and without such a fact existing at that time, it cannot now say that it was a fact. The entry of the orders on November 4, 1966 was made without statutory authority "and was an error of this court.
The respondent and the guardian ad litem rely greatly on Matter of Martin (269 App. Div. 437, supra) and Matter of Oddo (186 Misc. 359), both of which dealt with the question of the foster parent being estopped from attacking the regularity of an adoption and asserting “ that where a person invokes the *893 jurisdiction of a court, he will not he heard to repudiate the judgment which that court entered upon his seeking and in •his favor.” (Matter of Martin, supra, p. 440.) In the instant case, the petitioner sought the adoptions, but asked for no waiver of any statutory requirements. He did not allege the requirements had been met, nor did he give any grounds for the dispensing with the same. Such requirements being held to be jurisdictional, the petitioner cannot be held to be estopped by his actions from attacking the regularity of the court’s orders. The delay in the commencement of the proceedings to vacate the orders, until the petitioner was served with support proceedings in Family Court, is of no importance, if this court was without jurisdiction to make those orders.
The orders of adoption in the above matters should be vacated and set aside. Submit orders vacating and setting aside the adoptions on three days’ notice to the parties. The proposed orders shall provide for payment of the fees of the guardian ad litem by the petitioner, in an amount to be fixed and allowed by the court at the time of the signing of the orders.