S. Samuel Di Palco, S.
This is a proceeding to compel the administrator of this estate to pay a portion of the share due to petitioner as a distributee of the decedent. The petitioner alleges that he and nine others are paternal first cousins of the decedent. A hearing on the status of the petitioner was held.
At the outset petitioner claimed that the decedent was the daughter of one Leon Corey Biggs, his uncle, either legitimate or adopted or both. The proof adduced at the hearing, including the testimony of Mary M. Quillen and Evelyn J. Krug and the documentary proof in the nature of a baptism record, petitioner’s Exhibit A admitted in evidence, established conclusively that the decedent is not the legitimate child of Leon Corey Biggs, and any presumption relied upon by the petitioner has been effectively rebutted.
The court now turns to the consideration of whether or not the petitioner has proved the adoption of the decedent by Leon Corey Biggs through whom he claims. It is the petitioner’s contention that adoption is part of the family history and should be treated no differently than marriage, divorce or other relationships which may be established by pedigree testimony. This decedent died in 1965. Under section 117 of the Domestic Delations Law which became effective March 1, 1964, an adopted child and her foster parent shall “ sustain toward each other the legal relation of parent and child and shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from and through each other and the natural and adopted kindred of the foster parents or parent ”. Declarations in regard to pedigree, although hearsay, are admitted on the principle that they are natural expressions of persons who must know the truth. Evidence in the nature of pedigree testimony is admitted because it is the best the nature of the case admits and because greater evils might arise from the rejections of such proof than from its admission. (Eisenlord v. Clum, 126 N. Y. 552; 21 N. Y. Jur., Evi *762 deuce, § 251; 5 Wigmore, Evidence, § 1420.) In proving an adoption, there is better proof available and it should be produced. The whereabouts of this family was known at all times and circulation of the jurisdictions in which they resided and investigation in those courts where adoptions are usually granted could surely produce an adoption order, if indeed there was an order. The weight to be given pedigree testimony depends upon the facts surrounding each particular case. (Eisenlord v. Clum, supra, p. 564.)
The burden of proof in establishing an adoption is upon the person claiming such relationship. He must prove compliance with the statutes relating to adoption in the jurisdiction where the adoption occurred. (Smith v. Allen, 161 N. Y. 478; Matter of Kirby, 145 Misc. 756; Matter of Munch, 155 Misc. 836; Matter of Thorne, 155 N. Y. 140, 143; Matter of Marks, 159 Misc. 348, 350; Matter of Pierro, 173 Misc. 123, 124-125; People ex rel. Marabottini v. Farr, 186 Misc. 811.)
The petitioner relies heavily on the statement made by Leon Corey Riggs, the alleged adoptive parent, in his will which was admitted to probate in this court in 1920, referring to the decedent as ‘ ‘ my daughter Helen whom I have legally and lawfully adopted ’ ’. This recital, standing alone without any adoption order, is insufficient as .proof of an adoption. In Matter of Bacon (259 App. Div. 968) the Appellate Division, Fourth Department, unanimously reversed the Surrogate who had determined certain persons to have been adopted children to determine distributees in New York State. The court said: “ In view of our disposition of this matter as hereinafter stated, we deem it not necessary at this time to pass on the admissibility of the documents received by the court below on the theory that they afforded presumptive evidence of the fact of adoption by reason of the provisions of section 389-a of the Civil Practice Act and for the same reason we do not now pass on the question as to whether the recital of the words in such documents ‘ my adopted daughter, Mary A. Bacon ’ is surplusage unnecessary to the disposition and administration of the property of the declarants. (Matter of Draske, 160 Misc. 587.) There is no proof in the record that in any way substantiates or corroborates the declarations contained in the documents above mentioned (Fulkerson v. Holmes, 117 U. S. 389, 397; Smith v. Allen, 32 App. Div. 374; affd., 161 N. Y. 478) and for that reason alone, it is necessary to reverse the order, determination and decree of the surrogate on the law and on the facts and to order a new trial of this matter.”
*763 The petitioner has not sustained his burden of proving that Helen M. Riggs was adopted by Leon Corey Riggs. This proceeding is dismissed, without prejudice to renewal either on an accounting or in a proceeding to withdraw funds from the Director of Finance upon the petitioner being able to produce valid proof of the adoption.